No. 27621

**State of Colorado Department of Revenue and Joseph F. Dolan, Executive Director v. The District Court in and for the City and County of Denver, State of Colorado and Edward J. Byrne, a Judge of said Court**

(568 P.2d 1157)

Decided September 6, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Chris J. Eliopulos, Special Assistant, for petitioners.

Ireland, Stapleton, Pryor & Holmes, P.C., Benjamin F. Stapleton, Kenneth L. Starr, Edward O. Byrne, Jeffrey F. Reilman, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The Department of Revenue of the State of Colorado and its executive director, Joseph F. Dolan (Department), brought this original proceeding seeking relief in the nature of prohibition from an order of Denver District Court and Judge Edward J. Byrne (district court). We issued our rule to show cause why the relief should not be granted. After considering the merits, we now discharge the rule.

Effective January 1, 1964, Montgomery Ward & Company, Inc. (Wards), which operates a retail and catalog sales business in Colorado, received permission from the Department under C.R.S. 1963, 138-5-11,[1] to remit sales tax on a cash rather than an accrual basis.

On January 21, 1977, the Department conducted an administrative hearing concerning Wards' method of remitting sales tax. The Department found that Wards had "employed a method that effectively deferred payment to Colorado of sales tax due not in accordance with the statutes and regulations thereunder." As a result, the Department revoked permission to remit on a cash basis and ordered Wards to remit on an accrual basis, effective February 1, 1977. The Department also issued a final determination that Wards owed the state $2,163,541.59, in accordance with an

---

[1]Now section 39-26-111, C.R.S. 1973.

assessment notice dated April 27, 1976.

Wards filed an action in Denver District Court (1) appealing pursuant to section 39-21-105, C.R.S. 1973, from the Department's tax assessment, and (2) seeking review under section 24-4-106(4), C.R.S. 1973 (1976 Supp.), of the Department's order that Wards remit sales tax on an accrual basis. After the Department filed its answer, Wards moved under section 24-4-106(5) to postpone the effective date of the Department's order that Wards remit on an accrual basis, pending judicial review. After a hearing, the district court granted Wards' motion, requiring that it file a $1,000,000 bond for payment of any sums assessed against Wards with respect to the stay order. The Department brought this action challenging the district court's jurisdiction to stay its order.

Section 24-4-106(5), C.R.S. 1973, provides: "Upon a finding that irreparable injury would otherwise result * * * the reviewing court, upon application therefore * * * and upon such terms and upon such security, if any, as the court shall find necessary and order, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings."

Under this statute, the only prerequisite to entry of a stay of agency action is a "finding that irreparable injury would otherwise result."[2] The district court made such a finding, which we will not disturb on review. *Heatherridge Management Co. v. Benson*, 192 Colo. 190, 558 P.2d 435.

The Department contends that section 24-4-106(5) is inapplicable by virtue of section 24-4-107, C.R.S. 1973, which provides that "where there is a conflict between this article and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency." The Department points to section 39-21-105, C.R.S. 1973, as the specific statutory provision which conflicts with section 24-4-106(5) and thus renders the latter statute inapplicable.

We discern no such conflict. Section 39-21-105, and article 21 of title 39 generally, prescribe the procedure for determination and review of deficiencies in tax payment. This conclusion is buttressed by section 39-21-101, which defines "taxpayer" as "a person against whom a deficiency is being asserted." So, while this statute governs Wards' appeal of the Department's final deficiency determination, as Wards acknowledges by its compliance with the statute, it does not govern Wards' challenge to the order revoking its permission to remit sales tax on a cash basis.

---

[2]The record shows that the mandate for immediate compliance with the order of the Department to remit the sales tax on an accrual basis would require the establishment and maintenance of dual accounting procedures during the pendency of the court action, at an estimated additional nonrecoverable cost of approximately sixty thousand dollars per year.

Even if section 39-21-105 were held to control both questions, that statute does not expressly prohibit the entry of a stay as authorized by section 24-4-106(5). We will not find a conflict between these statutes where none plainly appears. *State Highway Commission v. Haase*, 189 Colo. 69, 537 P.2d 300; *Bagby v. School District No. 1*, 186 Colo. 428, 528 P.2d 1299. No such conflict appearing, section 24-4-106(5) empowered the district court to enter its order.

In support of its contention that the district court exceeded its jurisdiction in staying the agency action, the Department cites *People ex rel. Heckers v. District Ct.*, 170 Colo. 533, 463 P.2d 310; *People v. District Ct.*, 167 Colo. 162, 445 P.2d 887; *Board v. District Court*, 138 Colo. 227, 331 P.2d 502. In each of these cases, we held that the lower court lacked jurisdiction under C.R.C.P. 106 to prohibit an administrative agency from conducting a hearing pursuant to its statutory power. As we stated in *People ex rel. Heckers v. District Ct., supra*, in language applicable to all three cases, such action constituted "a direct and unjustified judicial interference with a function properly delegated to the executive branch of our government [emphasis omitted]." *See State Bd. Cosmetology v. District Ct.*, 187 Colo. 175, 530 P.2d 1278.

■ These cases are distinguishable in that they all concerned nonfinal agency action, which is not normally subject to judicial review. *State Bd. Cosmetology v. District Ct., supra.*

■ We hold that the district court acted within its jurisdiction in entering its order postponing the effective date of the Department's order.

The rule is discharged.