**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Beverly CARLSON, Defendant-Appellant.**

No. 82CA0057.

Colorado Court of Appeals, Division I.

Sept. 8, 1983.

Rehearing Denied Oct. 6, 1983.

Certiorari Granted Feb. 6, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Deborah S. Waldbaum, Deputy Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Beverly Carlson, appeals a judgment of conviction entered following a jury trial on a charge of first degree arson. We reverse and remand for a new trial.

The charge against defendant was a result of a fire which destroyed her place of business in Fort Collins, Colorado. At her first trial, defendant was convicted, but the trial court subsequently granted her motion for a new trial. On retrial, defendant was again convicted. The judgment entered in the second trial is the subject of this appeal.

I.

Defendant contends that the trial court erred in allowing testimony concerning the fact that defendant's insurance claim relative to the fire had been denied and that the reason for the denial was suspected arson. We agree.

At trial, the People offered the testimony of the claims manager for the insurance company which carried the policy on defendant's business. On direct examination, the following colloquy occurred:

"Q: With respect to Mrs. Carlson's claim, did you make a decision as to whether or not her claim could be reimbursed and paid under her policy?

A: Yes, I did.

Q: What was the decision?

A: We denied it.

Q: Why did you deny it?"

Defense counsel then objected to this last question as being irrelevant. The trial court allowed the question for the limited purpose of showing the insurance company's belief about the fire. When asked again why the insurance company had de-

nied the claim, the witness answered as follows:

"A: Based on our evaluation of the evidence we had, and on the advice of our attorney, we felt a provable arson defense."

Subsequently, the trial court instructed the jury as follows:

"The testimony you have just heard from Mr. Gardner concerning the reasons for denying coverage on the insurance policy is admitted for the limited purpose of establishing the reasons for the corporate decisions. It is not to be considered proof of the fact that arson occurred, but only to show the corporate state of mind, if you will, in their refusing to guarantee coverage on the policy. For this purpose you may consider the evidence and you may attach as much or little weight as you want."

■ Generally, facts which logically tend to prove or disprove a fact in issue, or which afford reasonable inferences or shed light upon matters contested are relevant. *People v. Botham*, 629 P.2d 589 (Colo. 1981). *See* CRE 401 and 402. Here, the testimony of the claims manager as to the insurance company's reasons for denying defendant's claim did not tend to prove or disprove any contested issue at trial. The reasons underlying the insurance company's refusal of coverage following the fire have no logical relation to any motive defendant may have had prior to the fire, nor is it probative of any of the elements of the crime charged. *See* § 18–4–102, C.R.S. 1973 (1978 Repl.Vol. 8). Hence, the testimony was irrelevant. *People v. Botham, supra;* CRE 402.

■ Admission of irrelevant evidence is not necessarily reversible error. However, where such evidence prejudices the defendant and it cannot be said that it did not contribute to his conviction, it is reversible error. *See People v. Sasson*, 628 P.2d 120 (Colo.App.1981). Here, the admission of testimony that the insurance company considered defendant to be responsible for the fire was highly prejudicial to defend-

ant. *See People v. Madson*, 638 P.2d 18 (Colo.1981).

■ Although normally the trial court is vested with wide discretion in the determination of the relevancy of proffered evidence, *People v. Reynolds*, 194 Colo. 543, 575 P.2d 1286 (1978), we conclude that, under these circumstances, the trial court abused its discretion in admitting the irrelevant and prejudicial testimony of the claims manager and that, therefore, defendant is entitled to a new trial.

## II.

■ Because the issue is likely to arise at the new trial, we address defendant's contention that the trial court erred in allowing the prosecution to introduce, at her second trial, a transcript of defendant's testimony at her first trial. Defendant elected not to testify at her second trial and the gravamen of defendant's argument is that the admission at her second trial of her prior testimony violated her Fifth Amendment right against self-incrimination. We disagree.

In *People v. Downer*, 192 Colo. 264, 557 P.2d 835 (1976), our Supreme Court, in holding admissible at a subsequent trial defendant's prior testimony before a grand jury, stated as follows:

"Once a person waives his right not to testify against himself, his privilege as to the use of that testimony is ordinarily waived."

*See also Keener v. People*, 194 Colo. 244, 572 P.2d 463 (1977) (defendant's testimony in civil contempt proceeding admissible in subsequent criminal proceeding); *Murray Mortgage Investors v. Gulf Atlantic Insurance Co.*, 41 Colo.App. 446, 594 P.2d 583 (1978) (by furnishing documents to IRS, taxpayer waives Fifth Amendment right at subsequent civil trial). This view is consistent with that taken by the federal courts. *See, e.g., Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968).

Accordingly, admission at the new trial of defendant's testimony will not violate her right against self-incrimination.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and STERNBERG, JJ., concur.