The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Robin Roy PELTZ, Defendant-Appellant.

No. 82CA0885.

Colorado Court of Appeals, Div. I.

Nov. 29, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Denied May 6, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Mary G. Allen, Special Deputy Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Robin Roy Peltz, appeals from a judgment of conviction entered on a jury verdict of first degree arson, third degree arson, and conspiracy to commit first and third degree arson. We affirm.

On March 8, 1981, an arsonist destroyed two neighboring houses. David Lindholm was part owner of one of the houses. This house had been listed for sale since its completion in October 1980. Lindholm had known Peltz since 1974. Defendant moved into Lindholm's house at Lindholm's request approximately one and one-half months before the fire. Defendant took out a $25,000 renter's policy insuring his personal property in the house, telling his insurer that he had moved into the house for security reasons. At the same time, Lindholm increased the limits of his homeowner's policy on the house. After the fire, defendant received a settlement from his insurer, but Lindholm's claim was denied by his insurance company because of a disagreement over the cost of replacement.

On the night of the fire Lindholm was in Wyoming. Defendant told the police that

he, Peltz, was out with a friend, Vest. Although Vest originally corroborated defendant's alibi, he later approached the police and said he had accompanied defendant to both arson sites, and had watched him set both fires. He also said that Lindholm was involved, and had gone to Wyoming to establish an alibi. Under a plea bargain agreement, Vest testified against defendant at trial.

Defendant contends that the trial court erred in admitting into evidence certain out-of-court statements of Lindholm, made shortly after the fire, to two witnesses. The trial court admitted these statements under CRE 801(d)(2)(E) as the non-hearsay statements of a co-conspirator. Defendant argues that the statements were made during the "concealment" phase of the offense and are, therefore, not within the exception. We disagree.

■ To be admissible as non-hearsay under the co-conspirator exception, Lindholm's statement must have been made "during the course and in furtherance of the conspiracy." CRE 801(d)(2)(E). In certain circumstances a conspiracy may continue after commission of the crime and during the concealment of the crime. *Villafranca v. People*, 194 Colo. 472, 573 P.2d 540 (1978); *People v. Burke*, 37 Colo.App. 289, 549 P.2d 419 (1976).

■ However, we need not concern ourselves here with whether the statements in question were admissible as a continuation of the conspiracy during concealment, because the statements related to an essential element of the crime itself. An element of third degree arson is the intent to defraud, § 18–4–104, C.R.S. (1978 Repl.Vol. 8), and the main object of a conspiracy to commit third degree arson is not the burning of a building, but the collection of insurance proceeds. *United States v. Xheka*, 704 F.2d 974 (7th Cir.1983). The statements made here concerned Lindholm's stay in Wyoming, establishing his alibi. Though there is a certain element of concealment in every conspiracy, these statements concerned the furtherance of the planned deception of the insurance companies. *See United States v. Del Valle*, 587 F.2d 699 (5th Cir.1979). Thus, the statements were properly admitted.

■ Defendant claims that the trial court's limiting instructions to the jury regarding these statements were prejudicial. Because this issue was raised for the first time on appeal, it must be reviewed under the plain error standard. Crim.P. 52(b). We perceive no error.

■ The court's instructions did not invade the independent fact-finding province of the jury. The court's comments on the evidence were an explanation of a technical evidentiary ruling, in response to the arguments of counsel, rather than an expression of the court's belief as to the facts. *See People v. Hodges*, 624 P.2d 1308 (Colo. 1981).

Defendant further contends that the admission into evidence of statements by Able, a claims manager from Lindholm's insurance company, constitutes reversible error. We disagree.

■ Able testified that his company had refused to pay Lindholm's fire claim. In *People v. Carlson*, 677 P.2d 390 (Colo.App. 1983), we found as irrelevant and prejudicial the testimony of a claims manager that payment under defendant's insurance policy had been denied because of the insurer's belief that a provable arson defense existed. However, here, unlike *Carlson*, defendant was additionally charged with third degree arson, and a conspiracy to commit third degree arson. Thus, Able's statement was relevant to show that the co-conspirator had attempted to collect policy proceeds, and to demonstrate the intent to deceive the insurance company. *See Xheka, supra.*

Furthermore, in contrast to the impact of the testimony in *Carlson*, there was little or no prejudice to defendant here. In *Carlson*, the claims manager expressly stated his opinion regarding defendant's criminal guilt. Here, the claims manager simply stated that Lindholm's claim had been denied. No mention was made of

arson, or of an arson defense. Hence, the admission of this testimony was not error.

Defendant's remaining arguments are without merit.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.