**Jerome C. KOLLODGE, Plaintiff-Appellant,**

v.

**Alan CHARNES, Executive Director, Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellee.**

**No. 85CA1060.**

Colorado Court of Appeals, Div. I.

July 2, 1987.

Ira E. Greschler, P.C., Ira E. Greschler, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendant-appellee.

KELLY, Judge.

The plaintiff, Jerome C. Kollodge, appeals the trial court judgment which affirmed the revocation of Kollodge's driver's license by the Department of Revenue. Kollodge contends that the arresting officer did not submit relevant information to the Department, and that the statute requiring submission of the information is unconstitutionally vague. We affirm.

Just after midnight on October 11, 1984, a state trooper observed a vehicle weaving erratically at a slow speed through an intersection in Boulder. Upon stopping the car, the officer noted a strong odor of alcohol on the breath of the driver, Kollodge, and that he had watery, bloodshot eyes and poor coordination. After Kollodge failed roadside sobriety tests, the trooper arrested him for driving under the influence of alcohol pursuant to § 42–4–1202(1.5)(a), C.R.S. (1984 Repl.Vol. 17).

At the Boulder County Justice Center, Kollodge agreed to an intoxilyzer test, and the results of that test showed 0.172 grams of alcohol per 210 liters of breath. Based on this reading, the arresting officer served Kollodge with the driver's license revocation notice required by § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17).

At the conclusion of a hearing requested by Kollodge, the hearing officer entered an order of revocation based on the arresting officer's testimony along with documentary evidence collected the night of the arrest. Missing, however, was the trooper's notation on the back of the summons form that two dogs were in the plaintiff's vehicle when he was arrested. Kollodge sought to introduce the missing information about the dogs at the hearing, but the hearing officer ruled it was not relevant. Kollodge sought review in the district court, which affirmed the revocation.

### I.

■ Kollodge contends that the trial court erred in affirming the hearing officer's ruling that the information contained on the back of the summons form was not relevant and that its absence was, at most, harmless error. He asserts that the missing evidence deprived the Department of jurisdiction despite the fact that defense counsel secured the information through discovery. We disagree.

If a law enforcement officer arrests a person for driving under the influence, the officer is obligated to forward to the Department a verified report of all "information relevant" to the revocation action. Section 42–2–122.1(2)(a), C.R.S. (1984 Repl. Vol. 17). The information included in the report must adequately identify the arrested person, it must include a statement of the officer's grounds for believing the person was driving under the influence, the results of the intoxilyzer test, and a copy of the citation and complaint which were filed with the court. Section 42–2–122.1(2)(a), C.R.S. (1984 Repl.Vol. 17).

Under CRE 401, relevant evidence is that which has "any tendency to make the existence of *any fact that is of consequence to the determination of the action* more probable ... than it would be without the evidence" (emphasis added), and irrelevant evidence is inadmissible. CRE 402. Only "facts which logically tend to prove ... the fact in issue, ... are relevant." *People v. Carlson,* 677 P.2d 390 (Colo.App.1983). Hearing officers conducting agency proceedings have wide discretion in determining the relevancy of evidence. Section 24–4–105, C.R.S. (1982 Repl.Vol. 10); *see* CRE 104; *People v. Carlson, supra.*

The sole issue before the hearing officer in this case was whether the evidence presented was sufficient to establish that Kollodge was driving his car on the night of the arrest with a breath alcohol content of 0.15 grams of alcohol per 210 liters of breath. Section 42–2–122.1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17). Kollodge's argument in regard to the missing information about the dogs is that it would indicate that the behavior of the dogs caused his erratic driving and thus would support a defense that the arresting officer did not have reasonable grounds or probable cause to stop him. This argument is without substance.

The aberrant driving alone gave the officer reasonable grounds for the stop; the reason for the erratic driving is irrelevant. Once Kollodge was stopped, the trooper's observations of Kollodge's condition, along with the smell of alcoholic beverage on his breath, constituted grounds for the arrest and the intoxilyzer test.

Accordingly, exclusion of the proffered evidence was not error, and the record contains sufficient evidence to support the hearing officer's decision. Thus, the trial court was correct in affirming the driver's license revocation. *Davis v. Colorado Department of Revenue*, 623 P.2d 874 (Colo. 1981).

## II.

Kollodge contends that the trial court erred in ruling that § 42-2-122.1(2)(a) was sufficiently specific as to what information must be submitted by the arresting officer. He argues that the statute is unconstitutionally vague because the forms supplied by the Department do not adequately describe what information is relevant to the enforcement action and because the Department has not published any rules or regulations which further define the information to be submitted.

This court has no jurisdiction to consider issues involving the constitutionality of a statute. Section 13-4-102(1)(b), C.R.S.; *People v. Salazar*, 715 P.2d 1265 (Colo.App.1985). Thus, we do not reach plaintiff's constitutional challenge to § 42-2-122.1(2)(c).

Kollodge's remaining issues on appeal are without merit.

Insofar as the issues raised are within the jurisdiction of this court, the judgment is affirmed.

PIERCE and METZGER, JJ., concur.