Martin **FLORES**, Marcella Flores, Marvin Flores, Lee Flores, and Tammy Rumsey, Petitioners–Appellees,

v.

**COLORADO DEPARTMENT OF REVENUE, STATE OF COLORADO, TAX DIVISION; John Tipton, Director of Department of Revenue; Jim Davis, Director of Tax Division; Nestor Lujan, John E. Hileman and Bob Peloso, Agents of the Department of Revenue, and Unnamed Agents of the Department of Revenue, Respondents–Appellants.**

No. 89CA1427.

Colorado Court of Appeals, Div. IV.

Nov. 8, 1990.

**1176**

R.D. Jorgensen, Pueblo, for petitioners-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Bradly J. Holmes, Asst. Atty. Gen., Denver, for respondents-appellants.

Opinion by Judge MARQUEZ.

The Colorado Department of Revenue appeals from an adverse judgment of the trial court construing certain provisions of § 39–21–101, et seq., C.R.S. (1982 Repl.Vol. 16B). We affirm.

The Department issued notices of jeopardy assessment and demand for immediate payment, pursuant to "Section 111, Article 21, Title 39 Colorado Revised Statutes of 1973" and dated December 6, 1988, to Marcella Juanita Flores, Marvin Flores, Tammy Jayne Rumsey, Martin Delgado Flores, and Lee James Flores, identified by the Department as a partnership (taxpayers), for collection of Colorado sales and use taxes, penalties, and interest. These notices were subsequently served on taxpayers. The jeopardy assessments were allegedly issued on the basis of investigations conducted by the Pueblo Police Department and Department of Revenue into the alleged drug trafficking of taxpayers.

The record reflects that the Department proceeded to enforce the jeopardy assessments pursuant to § 39–21–114, C.R.S. (1982 Repl.Vol. 16B), by issuing distraint warrants dated December 7, 1988, and seizing certain items of personal property on or about December 12, 1988. A notice of Director of Revenue's sale which was to be held on a date in early January 1989, listing the items to be sold, was issued in December 1988.

On December 28, 1988, taxpayers filed a "Petition for Judicial Review" pursuant to § 24–4–106, C.R.S. (1988 Repl.Vol. 10A).

In the summer of 1989, after a number of motions had been made, and the sale of assets stayed, the trial court ruled on taxpayers' petition for judicial review. The court, not knowing whether the Department had proceeded with the jeopardy assessment under § 39–21–111(1), C.R.S. (1982 Repl.Vol. 16B) or § 39–21–111(2), C.R.S. (1982 Repl. Vol. 16B) determined

that in either event, taxpayers were not allowed an opportunity for an administrative hearing prior to the scheduled public sale of their property and that this procedure denied taxpayers due process of law. It further ruled that, under § 39–21–111(1), the provisions of § 39–21–103, C.R.S. (1982 Repl.Vol. 16B) (hearings) and § 39–21–105, C.R.S. (1982 Repl.Vol. 16B) (appeals) apply; that § 39–21–111(2) does not allow this right for an administrative hearing and is therefore unconstitutional as it violates due process; and that, if the Department was acting under § 39–21–111(1), then judicial review was premature since taxpayers had not exhausted their administrative remedies. Therefore, the court denied the petition for judicial review and ordered an administrative hearing to be held within 30 days.

The central issue on appeal is whether taxpayers, in requesting judicial review under § 24–4–106, C.R.S. (1988 Repl.Vol. 10A) of the Colorado Administrative Procedure Act, and not under the provisions of § 39–21–101, et seq., C.R.S. (1982 Repl. Vol. 16B), were properly before the district court. We hold that the taxpayers did proceed properly and that, therefore, the district court had subject matter jurisdiction.

■ Initially, we must determine whether the ruling of the trial court ordering an administrative hearing is a final appealable judgment since the trial court did not adjudicate the substantive claims of the parties. We conclude that the ruling is a final appealable judgment.

The trial court's ruling is based on the finding that taxpayers were not allowed an opportunity for an administrative hearing prior to the scheduled public sale and the conclusion that this procedure denied the taxpayers due process of law. Under such circumstances, we conclude this matter is ripe for appeal. *See Scott v. City of Englewood,* 672 P.2d 225 (Colo.App.1983).

Section 24–4–106 provides a judicial remedy to persons aggrieved by final agency action. Section 24–4–106(2), C.R.S. (1988 Repl.Vol. 10B). If there is a conflict between § 24–4–106 and a specific statutory provision relating to the Department, then

the specific statutory provision controls. *See* § 24–4–107, C.R.S. (1988 Repl.Vol. 10A).

We must, therefore, determine whether § 39–21–101, et seq., C.R.S. (1982 Repl.Vol. 16B) provides specific procedures for a taxpayer to challenge a jeopardy assessment and distraint warrant issued pursuant to §§ 39–21–111 and 39–21–114, C.R.S. (1982 Repl.Vol. 16B) and whether these conflict with § 24–4–106.

This is a case of first impression in Colorado and, therefore, calls for an interpretation of § 39–21–101, et seq., C.R.S. (1982 Repl.Vol. 16B). Specifically, we must ascertain the relationship between § 39–21–103 (hearings), § 39–21–105 (appeals), § 39–21–111 (jeopardy assessment and demands), and § 39–21–114 (methods of enforcing collection).

Interpretation of statutes is a question of law, and appellate courts need not defer to the trial court's interpretation. *People v. Terry,* 791 P.2d 374 (Colo.1990).

The first goal of a court in construing a statute is to ascertain and give effect to the intent of the General Assembly. To determine the legislative intent, courts look first to statutory language. *People v. Terry, supra.*

If the statutory language is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction. If, however, statutory language is uncertain as to its intended scope, with the result that the statutory text lends itself to alternative constructions, then a court may apply other rules of statutory construction and look to pertinent legislative history. *Griffin v. S.W. Devanney & Co.,* 775 P.2d 555 (Colo.1989); *see* § 2–4–203, C.R.S. (1980 Repl.Vol. 1B).

A statute should be interpreted as a whole to give a consistent, harmonious, and sensible effect to all of its parts. *Griffin v. S.W. Devanney & Co., supra. See* § 2–4–201(1)(b), C.R.S. (1980 Repl.Vol. 1B). A statute must also be construed to further the legislative intent evidenced by the entire statutory scheme. *Martinez v. Conti-*

# 1178

*nental Enterprises,* 730 P.2d 308 (Colo. 1986).

■ In addition, construction of a statute by administrative officials charged with its enforcement must be given deference by courts. *Larimer County School District v. Industrial Commission,* 727 P.2d 401 (Colo.App.1986).

Section 39–21–101, et seq., C.R.S. (1982 Repl.Vol. 16B) provides a general statutory scheme for the procedure and administration of the collection of certain state taxes.

Under usual tax collection procedures, if the tax found due is greater than the amount assessed or paid, the Department mails a notice of deficiency to the taxpayer, who then has a right to a hearing before the Department under § 39–21–103, C.R.S. (1982 Repl.Vol. 16B). That statutory section provides in part:

"(1) ... If the tax found due is greater than the amount theretofore assessed or paid, a notice of deficiency shall be mailed to the taxpayer by certified mail.

"(2) The taxpayer may request a hearing on the proposed tax by application to the executive director within thirty days of the mailing of a notice of deficiency. . . .

. . . .

"(8) Based on the evidence presented at such hearing or filed in support of the taxpayer's contentions or after the expiration of thirty days from the mailing of the notice of deficiency, if no request for hearing or brief has been filed by the taxpayer, the executive director of the department of revenue shall make a final determination within a reasonable time and shall send the taxpayer a notice of final determination by certified mail accompanied by notice and demand for payment. . . ."

The taxpayer may appeal the foregoing final determination to the district court under § 39–21–105, C.R.S. (1982 Repl.Vol. 16B), which provides in part:

"(1) The taxpayer may appeal the final determination of the executive director of the department of revenue issued pursuant to section 39–21–103 or 39–21–104

within thirty days of the mailing of such determination."

However, § 39–21–111 provides that:

"(1) If the executive director of the department of revenue finds that *collection of the tax will be jeopardized by delay,* in his discretion, he may declare the taxable period immediately terminated, determine the tax, and issue notice and demand for payment thereof; and, having done so, the tax shall be due and payable forthwith, *and the executive director may proceed immediately to collect such tax as provided in section 39–21–114.*

"(2) In any other case wherein it appears that the revenue *is in jeopardy,* the executive director of the department of revenue may immediately issue demand for payment; and, regardless of the provisions of sections 39–21–103 and 39–21–105, the tax shall be due and payable forthwith and, in his discretion, *the executive director may proceed immediately to collect said tax as provided in section 39–21–114.*

"(3) Collection under either subsection (1) or (2) of this section may be stayed if the taxpayer gives such security for payment as shall be satisfactory to the executive director." (emphasis added)

Section 39–21–111 does not by its terms provide a method for review to a taxpayer subjected to a jeopardy assessment procedure and to whom a notice of deficiency has not been issued.

In collecting taxes, § 39–21–114(1)(c), C.R.S. (1982 Repl.Vol. 16B) allows the Department, immediately upon the making of a jeopardy assessment as provided in § 39–21–111, to issue a warrant to distrain, seize, and sell the personal property of the taxpayer for payment of the tax due, together with any penalties and accrued interest and cost of execution.

Section 39–21–114(6), C.R.S. (1982 Repl. Vol. 16B) provides a taxpayer a procedure to challenge the jeopardy assessment and seizure:

"The executive director of the department of revenue *may* be made a party defendant in *an action at law or a suit*

*in equity* by any person aggrieved by the *unlawful seizure or sale* of his personal property, but only the state of Colorado shall be responsible for any final money judgment secured against said executive director...." (emphasis added)

The Department has also issued Department of Revenue Regulation 21–103(8), 1 Code Colo.Reg. 201–1, discussing the relationship between the jeopardy assessment statute, § 39–21–111, and the administrative hearing provisions of § 39–21–103. It states in part:

> "Except in case of jeopardy as provided in C.R.S. 39–21–111, the above procedure applies to all returns. The procedure prescribed in C.R.S. 39–21–111, *in the case of jeopardy assessment, eliminates the protest and hearing* before the executive director, but *leaves the taxpayer the right to appeal from the final determination and assessment.*" (emphasis added)

Since § 39–21–111(2) can reasonably be interpreted to apply in those situations in which a notice of deficiency has been issued, it appears that here the Department proceeded with its jeopardy assessment under § 39–29–111(1). The Director of Revenue found that "collection of tax found to be due is in jeopardy," and, without issuing a notice of deficiency, declared the taxable period to be immediately terminated, determined the tax, and issued notice and demand for payment. The Department then issued a distraint warrant and seized the items of personal property pursuant to § 39–21–114.

Since the Department did not mail a notice of deficiency to taxpayer, the right to an administrative hearing under § 39–21–103(1) was not triggered. Therefore, taxpayers could not ask for a hearing under that section and the thirty-day period within which a hearing must be requested did not begin to run. *See* § 39–21–103(2), C.R.S. (1982 Repl.Vol. 16B); Department of Revenue Regulation 21–103(8), 1 Code Colo. Reg. 201–1 (there is no right to an administrative hearing in a jeopardy assessment situation).

Therefore, § 39–21–105 also was not available to the taxpayers in this situation because there has been no "final determination of the executive director of the department of revenue issued pursuant to section 39–21–103 or 39–21–104 [concerning refunds]...." Section 39–21–105(1), C.R.S. (1982 Repl.Vol. 16B).

Even if the Department proceeded under § 39–21–111(2), the statute, by its terms, appears to bypass §§ 39–21–103 and 39–21–105.

■ Thus, in interpreting the statutory scheme, we conclude that, if a jeopardy assessment has been made without a notice of deficiency and a distraint warrant and seizure have been pursued under § 39–21–114, then the statute does not provide the taxpayer a right to a hearing under § 39–21–103, but the taxpayer may sue the executive director of the Department in district court under § 39–21–114(6). Under the latter provision a taxpayer may seek relief from the unlawful seizure or sale of his personal property.

However, since § 39–21–114(6) states that a taxpayer "may" bring a suit against the executive director, and since §§ 39–21–103 and 39–21–105 do not apply in a jeopardy assessment situation in which no notice of deficiency has been issued, a proceeding under § 24–4–106 is proper because § 39–21–114(6) does not preclude such a proceeding, and there is no conflict between § 24–4–106 and § 39–21–114(6). *See State Department of Revenue v. District Court,* 193 Colo. 553, 568 P.2d 1157 (1977) (conflict in statutes will not be found where none plainly appears.)

Section 24–4–106 applies to all final agency actions. Here, we have final agency action because the tax was determined, a demand for payment was issued, and there are no administrative remedies under § 39–21–101, et seq., to exhaust. Since there is no conflict with any other statute, the court properly had subject matter jurisdiction under § 24–4–106.

In exercising its jurisdiction, the court did have the authority to address the constitutionality of the statute, and to remand

the cause for further hearings. Section 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A).

However, we have no jurisdiction to determine the constitutionality of statutes and do not do so here. *See* § 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A); *Kollodge v. Charnes*, 741 P.2d 1260 (Colo.App.1987).

Therefore, the trial court's determination that §§ 39–21–103 and 39–21–105 apply in jeopardy assessment situations under § 39–21–111(1) and that taxpayers had not exhausted their administrative remedies is disapproved. Insofar as we have jurisdiction, the court's judgment is affirmed.

CRISWELL and DAVIDSON, JJ., concur.