STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION; John J. Tipton, as Executive Director of the Department of Revenue; and Guy Meyers, Hearing Officer, Motor Vehicle Division, Petitioners,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable Nancy E. Rice, One of the Judges Thereof, Respondents.

No. 89SA462.

Supreme Court of Colorado, En Banc.

Dec. 17, 1990.

Norman S. Early, Jr., Dist. Atty., Second Judicial District, Robert J. Whitley, Deputy Dist. Atty., Denver, for petitioners.

Kelly, Stansfield & O'Donnell, Bryant O'Donnell, Anne T. Zubrinic, Denver, for respondents.

Justice KIRSHBAUM delivered the Opinion of the Court.

The State of Colorado, Department of Revenue, Motor Vehicle Division (the Department); John J. Tipton, Executive Director thereof; and Guy Meyers, a hearing officer thereof, collectively termed "the petitioners," seek relief in the nature of prohibition, pursuant to C.A.R. 21, to prohibit the respondent District Court in and for the City and County of Denver, Colorado, from exercising jurisdiction over a civil action filed by Daniel L. Schneller (Schneller) against petitioners. Having issued a rule to show cause, we make the rule absolute.

## A

On March 23, 1989, shortly after 10:30 p.m., while operating his motor vehicle near Empire, Colorado, Schneller was stopped by a police officer for allegedly speeding. Observing that Schneller's eyes were bloodshot and watery, the officer transported Schneller to the Georgetown, Colorado, Police Department to ascertain the alcohol content of Schneller's blood. The intoxilyzer machine used to make that determination recorded an alcohol level of .095 grams per 210 liters of breath.[1] *See* § 42–2–122.1(1.5)(a)(I), 17 C.R.S. (1988 Supp.).

At 12:15 a.m. on March 24, 1989, the investigating officer notified Schneller that Schneller's driver's license was revoked for refusing to submit to an analysis of the alcohol content of his blood, confiscated Schneller's driver's license, and issued Schneller a temporary driver's license valid for seven days.[2] The officer also advised

---

1. The evidence before this court indicates that Schneller experienced some difficulty breathing into the machine but that a sufficient amount of his breath entered the machine to permit the requisite analysis.

2. Section 42–2–122.1(4)(a), 17 C.R.S. (1988 Supp.), authorizes a law enforcement officer, acting on behalf of the Department, to serve a notice of revocation personally on any person who "refuses to submit to tests [analyzing the alcohol content of the person's blood]...." Section 42–2–122.1(4)(b), 17 C.R.S. (1988 Supp.), authorizes a law enforcement officer in such circumstances to confiscate the person's driver's license and to issue the person a temporary driver's license valid for seven days thereafter.

Schneller that any request for a hearing to contest the revocation would have to be received by the Department within seven days.[3] Although the activities underlying this case transpired between 10:30 p.m. on March 23, 1989, and 12:15 a.m. on March 24, 1989, the officer's written report chronicling these events is dated March 23, 1989, at 2:23 a.m.

On March 30, 1989, Schneller, a resident of Grand County, Colorado, mailed a letter to the Department requesting a hearing to challenge the revocation of his license. When he sought to ascertain the date of his hearing, the Department initially denied having received his request. However, the Department later sent Schneller a letter, dated May 4, 1989, stating that his request for hearing had been received on March 31, 1989, and that the request was denied because it had been received eight days after the date of the police officer's report.[4]

Schneller received this letter on May 9, 1989. He then sent the Department a memorandum, dated May 17, 1989, requesting the Department to either return his driver's license forthwith, conduct a hearing to consider the propriety of the revocation of his license, or to reopen the matter pursuant to section 42–2–122.1(7)(c).[5] Although the Department had been furnished with a copy of the results of the test performed at the Georgetown police station, it

denied Schneller's requests by letter dated October 12, 1989.

On October 31, 1989, pursuant to C.R.C.P. 106(a)(4), Schneller filed a civil action in the District Court in and for the City and County of Denver (the trial court) seeking review of the Department's actions. The complaint alleged that the Department exceeded its authority and abused its discretion in denying Schneller's requests for a revocation hearing, and requested the trial court to enter an order directing the Department to either issue Schneller a new driver's license or reopen the case and conduct a revocation hearing.

The petitioners, pursuant to C.R.C.P. 12(b)(1) and 12(b)(5), filed a motion to dismiss Schneller's C.R.C.P. 106(a)(4) action. They argued that the State Administrative Procedure Act, section 24–4–106, 10A C.R.S. (1988) (hereinafter "the Act"), provides the sole means for judicial review of an order of the Department revoking a driver's license except in extraordinary circumstances not here present. They also argued that Schneller's complaint was not filed in the county wherein he resides, contrary to the requirements of section 42–2–122.1(9)(a), 17 C.R.S. (1984).[6]

On November 15, 1989, the trial court denied the petitioners' motion to dismiss and ordered the Department to issue a temporary driver's license to Schneller pending final determination of the matter.

---

**3.** Section 42–2–122.1(7)(a), 17 C.R.S. (1984), authorizes a person who has received a notice of driver's license revocation to request the Department to review that determination. Section 42–2–122.1(7)(b), 17 C.R.S. (1984), provides that any such request for hearing "must be made within seven days after the person received the notice of revocation ..." and that "[i]f written request for a hearing is not received within the seven-day period, the right to a hearing is waived, and the determination of the [D]epartment which is based upon the enforcement officer's report becomes final."

**4.** Section 42–2–122.1(5)(a), 17 C.R.S. (1984), provides that the Department must receive a request for hearing within seven days "after the [operator] has received [a] notice of revocation...." Schneller was served with a notice of revocation at 12:15 a.m. on March 24, 1989.

**5.** Section 42–2–122.1(7)(c), 17 C.R.S. (1984), authorizes the Department to conduct a revocation hearing when a request for such hearing is

received by the Department after the expiration of the statutorily mandated seven-day mailing period and the mailing was delayed due to lack of actual notice of revocation or due to the physical incapacity of the person whose driver's license was revoked.

**6.** The petitioners also asserted at trial that both § 42–2–122.1(9)(a) and C.R.C.P. 106(a)(4) require the commencement of judicial review proceedings within 30 days of the date of the Department's final determination under § 42–2–122.1; that the Department's May 4, 1989, letter constituted its final determination for purposes of review, contrary to Schneller's argument that the Department's October 12, 1989, letter constituted final agency action in this case; and that Schneller's October 31, 1989, complaint was therefore not timely filed. The petitioners have not raised this issue here; we therefore do not address it.

The trial court concluded that the petitioners had exceeded their jurisdiction and abused their discretion in refusing to determine the merits of Schneller's claims in the face of evidence that Schneller had not refused to submit to an analysis of the alcohol content of his blood and in preventing Schneller, by their inaction, from seeking relief from the revocation of his driver's license. The trial court also concluded that Schneller had no other adequate remedy because the petitioners "have refused to make any determination on the facts ... and the only issue considered by means of judicial review ... would be the Department's denial of a hearing." Petitioners then filed this petition for relief.

## B

In *People v. District Court*, 200 Colo. 65, 612 P.2d 87 (1980), this court considered the propriety of a plaintiff's reliance upon C.R.C.P. 106(a)(4) to obtain judicial review of the Department's revocation of his driver's license. The Department, pursuant to C.R.C.P. 12(b)(5), filed a motion to dismiss the action for failure to state a claim upon which relief can be granted, and the trial court denied the motion. In reversing the trial court's judgment, we held that the judicial review provisions of the Act[7] provided the exclusive remedy available for determination of the issues raised by the plaintiff in that case. *People v. District Court*, 200 Colo. at 68, 612 P.2d at 89. We pointed out that by its terms C.R.C.P. 106(a)(4) is available as a remedy only in the absence of any other "plain, speedy and adequate remedy," C.R.C.P. 106(a)(4), and concluded that the plaintiff had not demonstrated that the relief provided by the Act was inadequate to address the issues raised by his complaint.

█ In our view, the Act, when considered in conjunction with statutory provisions authorizing review of the Department's determinations, provides ample authority for judicial review of the issues asserted by Schneller in this case. Section

42–2–122.1(9)(b) describes the scope of judicial review available to persons challenging a final determination of the Department as follows:

The review shall be on the record without taking additional testimony. If the court finds that the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is unsupported by the evidence in the record, the court may reverse the department's determination.

§ 42–2–122.1(9)(b), 17 C.R.S. (1984). Section 42–2–122.1(10) describes the applicability of the judicial review provisions of the Act to Department action as follows:

The "State Administrative Procedure Act", article 4 of title 24, C.R.S., shall apply to this section to the extent it is consistent with subsections (7), (8), and (9) of this section relating to administrative hearings and judicial review.

§ 42–2–122.1(10), 17 C.R.S. (1984). These provisions establish a strong legislative policy to the effect that challenges to revocation decisions of the Department are in most circumstances subject to the judicial review proceedings established by the Act.

Analysis of relevant portions of the Act reveal that they are fully consistent with the provisions of section 42–2–122.1(9)(b) and provide ample relief for Schneller. Section 24–4–106(5) of the Act authorizes a reviewing court in certain circumstances to postpone the effective date of any agency action. Section 24–4–106(7) of the Act contains the following pertinent provisions:

(7) If the court finds ... that the agency action is arbitrary or capricious, a denial of statutory right ... in excess of statutory jurisdiction, authority, purposes, or limitations ... an abuse or clearly unwarranted exercise of discretion, based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole,

---

7. As applicable in that case, the pertinent provisions of the Act were codified at § 24–4–106,

10A C.R.S. (1973 & 1979 Supp.).

or otherwise contrary to law, then the court shall hold unlawful and set aside the agency action and shall restrain the enforcement of the order or rule under review, compel any agency action to be taken which has been unlawfully withheld or unduly delayed, remand the case for further proceedings, and afford such other relief as may be appropriate.... § 24–4–106(7), 10A C.R.S. (1988). Section 24–4–106(8) of the Act authorizes a court conducting judicial review of agency action under the Act to enjoin agency conduct that is "clearly beyond the ... statutory jurisdiction or authority of the agency."

When read together, these provisions provide broad parameters under the Act for judicial review of final determinations of the Department. *See, e.g., People v. District Court*, 200 Colo. at 68, 612 P.2d at 89–90; *Department of Revenue v. District Court*, 193 Colo. 553, 568 P.2d 1157 (1977); *Talbot v. School Dist. No. 1*, 700 P.2d 919 (Colo.App.1984). Although Schneller's complaint requested extraordinary judicial relief in the form of mandamus or an affirmative injunction to compel the Department to conduct a revocation hearing, it in essence asserts that the Department misapplied statutory provisions, failed to consider certain evidence, and acted arbitrarily in denying Schneller's requests. These assertions of error fall squarely within the parameters of the Act. Because the remedies provided by C.R.C.P. 106(a)(4) are available only in the absence of any other "plain, speedy and adequate remedy," they are not available to Schneller in the circumstances of this case.

### C

Petitioners also argue that Schneller's petition for review should have been dismissed for lack of jurisdiction under the rationale of this court's decision in *Department of Revenue v. Borquez*, 751 P.2d 639 (Colo.1988). We agree.

Section 42–2–122.1(9)(a) contains the following pertinent language:

Within thirty days of the issuance of the final determination of the department under this section, a person aggrieved by the determination shall have the right to file a petition for judicial review in the district court *in the county of the person's residence.*

§ 42–2–122.1(9)(a), 17 C.R.S. (1984) (emphasis added). In *Borquez*, we held under substantially similar circumstances that

subsection 42–2–122.1(9)(a) ... explicitly limit[s] jurisdiction, precluding the Denver District Court from having jurisdiction to review the administrative revocation of a nonresident's license.

*Borquez*, 751 P.2d at 643. We noted that the jurisdictional requirements of section 42–2–122.1(9)(a) reflected a legislative policy decision that the responsibility for reviewing revocation decisions of the Department should be shared by all of the state's district courts and should not be shouldered disproportionately by any one judicial district. *Id.* We also concluded that to the extent venue provisions of section 24–4–106, 10A C.R.S. (1988), or C.R.C.P. 98 might appear to authorize the filing of an action seeking judicial review of a Department revocation order in a county other than the county of residence of the aggrieved person, the specific language of section 42–2–122.1(9)(a) would control. *Id.* at 643–44.

Schneller elected to file his petition to review the Department's denial of his requests for hearing in the District Court in and for the City and County of Denver. Section 42–2–122.1(9)(a) required the filing of a complaint for judicial review of the Department's final determination in the county of residence of the aggrieved person. In view of Schneller's failure to comply with the statutory requirements, the petitioners' motion to dismiss the action pursuant to C.R.C.P. 12(b)(1) was meritorious, contrary to the trial court's determination.

### D

The rule is made absolute, and the case is remanded to the trial court with directions to dismiss the action.