Robert M. **WALLACE,**
Plaintiff–Appellee,

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

No. 88CA0533.

Colorado Court of Appeals,
Div. V.

Aug. 24, 1989.

Rehearing Denied Sept. 21, 1989.

Certiorari Denied Feb. 5, 1990.

J. Scott McComas, Boulder, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Eric V. Field, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge RULAND.

The Department of Revenue appeals from a district court judgment reversing an order of the Department which revoked the driver's license of plaintiff, Robert M. Wallace. We reverse and remand with directions.

Following his arrest for driving under the influence of alcohol, Wallace submitted to an intoxilyzer test of his breath. The test results showed a blood alcohol content of .189 grams of alcohol per 210 liters of breath. *See* § 42–2–122.1(4)(a), C.R.S. (1984 Repl.Vol. 17).

At the administrative revocation hearing, the arresting officer testified that he noticed Wallace's vehicle drive from the traveled part of a city street into the gutter and then along the gutter for one block. The officer also observed Wallace drive into the gutter area of the street on two additional occasions, after which he contacted Wallace in a parking lot.

Wallace presented evidence indicating that the criminal charges arising out of the same occurrence were dismissed. The dismissal was based upon a ruling by the county court that the officer "did not have probable cause to stop" Wallace's vehicle. Wallace contended that this ruling was binding upon the Department under the collateral estoppel doctrine.

The hearing officer rejected Wallace's argument and found that his "erratic driving" had provided the arresting officer with "reasonable grounds" to make the initial traffic stop. Accordingly, he revoked Wallace's driver's license pursuant to § 42–2–122.1, C.R.S. (1984 Repl. Vol. 17).

I.

On review, the district court reversed, holding that the county court's ruling in the criminal proceedings was binding on the Department. The Department contends that the district court erred in its application of the doctrine of collateral estoppel. We agree.

Contrary to the Department's initial argument, questions as to the legality of the initial traffic stop and subsequent arrest for driving under the influence are relevant issues in administrative revocation proceedings under § 42–2–122.1. *Sanger v. Colorado Department of Revenue*, 736 P.2d 431 (Colo.App.1987); *see Nefzger v. Colorado Department of Revenue*, 739 P.2d 224 (Colo.1987). Even so, we conclude that, by legislative mandate, the Department's determination of this issue in administrative proceedings is not governed by the resolution of the same issue in any criminal proceeding arising out of the same occurrence. Therefore the doctrine of collateral estoppel does not apply. *See* Restatement (Second) of Judgments § 83(4)(b)(1982).

Section 42–2–122.1(1.5)(c), C.R.S. (1988 Cum Supp.) (reenactment of identical previous subsection), provides that:

"The determination of these facts by the department is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. *The disposition of those criminal shall not affect any revocation under this section.*" (emphasis supplied)

We recognize that the phrase "these facts" in the first sentence of the statute refers only to a determination of whether

the licensee was driving in this state with a blood alcohol content in excess of the statutory limit. However, the statutory scheme of which this provision is a part must be construed broadly in a manner that gives effect to its purpose of ensuring public safety on the highways. *Nefzger v. Colorado Department of Revenue, supra; Stanger v. Colorado Department of Revenue,* 780 P.2d 64 (Colo.App.1989). And, the second sentence establishes an intent by the General Assembly to exclude consideration of the disposition of criminal charges for any purpose in the revocation proceeding because it refers to the entire "section." Conversely, the legislative objective would be totally frustrated if the ruling as to probable cause in a criminal proceeding had preclusive effect in the revocation proceeding. *See Nefzger v. Colorado Department of Revenue, supra.*

## II.

Wallace also contends that the officer had no legal basis upon which to stop his vehicle and that, therefore, entry of the revocation order was error. We find no merit in this contention.

 While probable cause is required for a lawful DUI arrest, an investigatory stop of a motor vehicle is permissible when a police officer has a reasonable suspicion that the driver has committed a traffic violation. *Nefzger v. Colorado Department of Revenue, supra.* Contrary to plaintiff's argument, we conclude from the evidence in the administrative proceedings that the initial traffic stop of plaintiff's vehicle was justified under the reasonable suspicion standard.

Here, the arresting officer observed Wallace's vehicle veer into the gutter three times over a distance of several blocks, this observation afforded the officer a reasonable suspicion that plaintiff had committed a traffic violation, and therefore, the officer was justified in making the initial contact. *See Nefzger v. Colorado Department of Revenue, supra; People v. Carlson,* 677 P.2d 310 (Colo. 1984); *see also Kollodge v. Charnes,* 741 P.2d 1260 (Colo.App.1987). Furthermore,

the information obtained during the course of the valid investigatory traffic stop provided the arresting officer with probable cause to arrest plaintiff for driving under the influence. Accordingly, as the hearing officer's finding in the administrative proceedings is supported by substantial evidence in the record as a whole, the revocation order may not be set aside. *Charnes v. Lobato,* 743 P.2d 27 (Colo.1987).

In light of our disposition of these issues, we need not address the remaining contentions of the parties.

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the order of revocation.

METZGER and REED, JJ., concur.