**Thomas Alan PETERSON, Plaintiff–Appellant,**

v.

**John TIPTON, as Executive Director of the Department of Revenue of the State of Colorado, Motor Vehicle Division, Defendant–Appellee.**

No. 91CA0328.

Colorado Court of Appeals, Div. III.

Jan. 30, 1992.

Rehearing Denied March 19, 1992.

Certiorari Denied Aug. 3, 1992.

Robert T. Bettenberg, Wheat Ridge, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Gerganoff, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Thomas Alan Peterson, appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue for driving with an excessive blood alcohol content. We affirm.

■ Initially, contrary to the Department's argument and the district court's ruling, we conclude that questions as to the legality of the initial motor vehicle stop and subsequent arrest for driving under the influence (DUI) may properly be raised as issues in driver's license revocation proceedings under § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17). *Wallace v. Department of Revenue*, 787 P.2d 181 (Colo.App.1989). *See Nefzger v. Colorado Department of Revenue*, 739 P.2d 224 (Colo.1987).

In addition, although the holding in *Wallace* may have involved a previous version of § 42–2–122.1, we note that this result remains unchanged by the subsequent amendments to the statute currently in effect and applicable to plaintiff's January 30, 1990, DUI arrest at issue here. Even under the provisions of the express consent statute currently in effect, a police officer is not authorized to request and to direct an arrested driver to submit to alcohol testing absent "probable cause" for the DUI arrest, and, by implication, absent reasonable suspicion for the initial stop. *See* § 42–4–1202(3)(a)(II), C.R.S. (1991 Cum. Supp.). Thus, although the validity of the initial stop and the subsequent DUI arrest may not be necessary *elements* to a revocation action under § 42–2–122.1, we conclude that a driver may properly raise such issues as a defense in such revocation proceedings. *See* § 42–2–122.1(8)(c), C.R.S. (1991 Cum.Supp.); *Wallace v. Department of Revenue, supra; Nefzger v. Colorado Department of Revenue, supra.*

Plaintiff contends that the revocation cannot be sustained because there was no reasonable suspicion which justified the initial investigatory stop of his vehicle by the police. We find no merit in this contention.

The facts as to the merits of the reasonable suspicion issue raised by plaintiff are not in dispute, and thus, we can resolve the dispute as a matter of law.

■ At the revocation hearing, the arresting officer testified that, while he was on routine patrol he received a police dispatch call reporting that a clerk at a certain gas station stated that an intoxicated white male was getting into a white Corsica and was leaving the station right then. The arresting officer was only one block away from the gas station at that time and saw the white Corsica leaving the lot, so he turned and followed it. As the officer

drove by the gas station, a clerk in the station pointed towards the Corsica. Thus, the dispatch call was irrefutably linked to a person who, by her non-verbal communications, emphatically gave further weight to the officer's suspicion that the driver of the white vehicle was driving in an intoxicated state. Based on that information and his perceptions, the arresting officer stopped plaintiff's vehicle, the white Corsica, shortly thereafter on suspicion of DUI, although he acknowledged that he did not observe any other driving violations.

Even absent other driving violations, an investigatory stop of a motor vehicle is permissible when a police officer has a reasonable suspicion that the driver is committing or has committed a drunk driving offense. *See* § 42-4-1202.1, C.R.S. (1984 Repl.Vol. 17) (expressly authorizing such investigatory stops). *See also Johnson v. Motor Vehicle Division*, 38 Colo.App. 230, 556 P.2d 488 (1976) (rejecting argument that any traffic violation separate and distinct from drunk driving offense was necessary to invoke the requirements of the former implied consent law).

■ In determining the validity of an investigatory stop, the first inquiry is whether there were specific and articulable facts known to the police officer which, taken together with rational inferences from these facts, created a reasonable suspicion of criminal activity so as to justify the intrusion into the individual's personal security. *People v. Garcia*, 789 P.2d 190 (Colo.1990); *People v. Mascarenas*, 726 P.2d 644 (Colo.1986).

We conclude that the investigatory stop in this case was justified under the reasonable suspicion standard. Here, the arresting officer's observations, including the clerk's communications to him almost immediately after the report must have been given, were sufficient to provide him with a reasonable suspicion that the driver of the white vehicle was driving under the influence, and the investigatory stop was therefore justified. *See* § 42-4-1202.1; *People v. Contreras*, 780 P.2d 552 (Colo.1989); *People v. Melgosa*, 753 P.2d 221 (Colo. 1988). Thus, the hearing officer and the

district court properly rejected plaintiff's challenges to the validity of the initial investigatory stop.

Moreover, it is undisputed that, following the initial stop, the information obtained by the arresting officer provided him with probable cause for plaintiff's DUI arrest and that plaintiff thereafter submitted to a breath test, which showed an alcohol concentration of .257 grams of alcohol per 210 liters of breath. Accordingly, the hearing officer properly revoked plaintiff's driver's license pursuant to § 42-2-122.1, and the district court properly upheld the revocation.

The judgment is affirmed.

METZGER and RULAND, JJ., concur.