**Adam I. HERMAN, Plaintiff–Appellee,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

**No. 93CA0136.**

Colorado Court of Appeals,
Div. II.

Feb. 10, 1994.

No appearance for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge NEY.

The Department of Revenue (Department) appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Adam I. Herman, for refusing to submit to testing as required by the express consent law. We reverse.

Two police officers were involved in plaintiff's arrest for driving under the influence of alcohol. Thereafter, one of them prepared, signed, and forwarded to the Department the necessary documentation concerning the revocation action. Submitted as part of this documentation were the individual incident reports completed by each of the two officers.

Plaintiff requested an administrative hearing, indicating on his request form that he wished to have "the law enforcement officer" present. The Department notified plaintiff of the scheduled time and place of the hearing and informed him that the officer who had forwarded the documentation would attend.

At the hearing, plaintiff objected to proceeding with the hearing in the absence of the second officer, asserting that such officer was "the arresting officer," that he had specifically requested the presence of "the arresting officer" at the hearing, and, therefore, that such officer's absence was in violation of the applicable statutory requirements. Plaintiff further asserted that his procedural and due process rights were violated because he could not effectively cross-examine the officer who was present regarding the roadside tests and whether there was probable cause for his arrest.

The hearing officer rejected plaintiff's contentions, ruling that, because the officer present at the hearing was significantly involved in plaintiff's arrest and had completed the revocation paperwork and initiated the revocation action, the Department had "substantially complied" with the applicable stat-

utory requirements and with plaintiff's prehearing request that "the law enforcement officer" be present at the hearing. Consequently, based upon the evidence of plaintiff's refusal to submit to testing as required by the express consent law, the hearing officer ordered that plaintiff's license be revoked.

The district court, concluding that the Department violated the statute by failing to have "the arresting officer" present at the hearing and, further, that the testimony of the officer who was present was insufficient to establish probable cause for plaintiff's arrest, reversed the revocation.

The Department contends that the district court erred in its conclusions, and we agree.

### I.

■ As to the procedural issues, we find no error in the Department's ruling that the officer present at the hearing was the only one required to so appear.

Contrary to plaintiff's argument and the district court's analysis, there is no statutory requirement that "the arresting officer" must appear and testify at an express consent revocation hearing. Rather, under the statutory scheme, the Department acquires jurisdiction in such revocation proceedings whenever "a law enforcement officer" involved in a DUI arrest substantially complies with certain procedural requirements in submitting to the Department relevant documentation. *See Duckett v. Tipton,* 826 P.2d 873 (Colo. App.1992); *Alford v. Tipton,* 822 P.2d 513 (Colo.App.1991); *see also* § 42–2–122.1(2)(a), C.R.S. (1993 Repl.Vol. 17).

Section 42–2–122.1(7)(e)(II), C.R.S. (1993 Repl.Vol. 17) states:

The law enforcement officer who submits the [required documents] need not be present at the hearing [unless required and notified by the hearing officer] or unless the respondent ... determines that the law enforcement officer should be present and serves a timely subpoena upon such officer ... If the respondent notifies the department in writing at the time that the hearing is requested that the respondent desires the law enforcement officer's presence at the hearing, the department shall issue a written notice for the officer to appear at the hearing.

And, § 42–2–122.1(7)(e)(V), C.R.S. (1993 Repl.Vol. 17) provides:

At the time that a respondent requests a hearing, written notice shall be given to [him advising him] of the right to subpoena the law enforcement officer for the hearing ... [and of his right to give the department written notice of his desire for] the officer's presence at the hearing, and that upon such notification, the department shall issue a written notice for the officer to appear at the hearing.

In addition, the Department is authorized to consider the reports of other officers which are submitted to it, and the licensee has the statutory right to subpoena such other officers to require their attendance at the hearing. *See* § 42–2–122.1(7)(f) & § 42–2–122.1(8)(b), C.R.S. (1993 Repl.Vol. 17); *see also* § 24–4–105(4), C.R.S. (1993 Cum.Supp.).

Under the foregoing statutory scheme, because the officer who appeared at the hearing had signed and submitted the relevant documentation to the Department, the "law enforcement officer" whose presence plaintiff requested in his completion of the Department's hearing request form was that officer, not the second officer. Thus, pursuant to that request and the applicable statutory requirements, the Department properly issued a notice requiring such officer to appear at the hearing in this matter.

The notice of hearing issued by the Department provided plaintiff with ample advance notice that only the officer who signed the documentation was required at that point to appear at the hearing. Furthermore, the police reports of both officers had been submitted to the Department and were available to plaintiff for discovery prior to the hearing, and plaintiff had the statutory right to subpoena the second officer if he desired to do so. However, there is nothing in the record indicating that plaintiff ever attempted to subpoena the second officer or that he ever specifically requested the presence of that officer in advance of the hearing. In addi-

tion, at the hearing, plaintiff expressly declined to request its rescheduling.

Under these circumstances, plaintiff's remaining contentions of error concerning the absence of the second officer from the hearing are without merit. *See Halter v. Department of Revenue,* 857 P.2d 535 (Colo.App. 1993); *see also Colorado Department of Revenue v. Kirke,* 743 P.2d 16 (Colo.1987).

## II.

As to the merits, we also agree with the Department that the revocation is supported by substantial evidence.

Here, as to the probable cause issue, the testimony and written report of the appearing officer established that he observed plaintiff speeding, and that, upon contacting plaintiff, he detected various indications of intoxication. Specifically, the officer noted that: there was a "strong odor" of an alcoholic beverage on plaintiff's breath; plaintiff's eyes were bloodshot and watery, and plaintiff had "kind of a blank stare"; plaintiff's speech was "quite slurred"; and plaintiff was "very unbalanced" and did "stagger on his feet" before, during, and after the roadside tests.

Contrary to the district court's analysis, we conclude that this evidence is sufficient to establish probable cause for plaintiff's DUI arrest. Thus, the resulting request that he submit to alcohol testing was fully justified. *See* § 42–4–1202(3)(a)(II), C.R.S. (1993 Repl. Vol. 17); *Nefzger v. Colorado Department of Revenue,* 739 P.2d 224 (Colo.1987); *see also Halter v. Department of Revenue, supra.*

Moreover, it is undisputed that, following his arrest, plaintiff refused to submit to testing as required by the express consent law.

Therefore, because the Department complied with all statutory and procedural requirements in ordering the revocation and because the revocation is supported by substantial evidence in the record, the district court erred in reversing this order. *See* § 42–2–122.1(9)(b), C.R.S. (1993 Repl.Vol. 17).

Accordingly, the judgment is reversed, and the cause is remanded to the district court with directions to reinstate the Department's order of revocation.

METZGER and JONES, JJ., concur.