Dirk S. NYE, Petitioner–Appellee,

v.

MOTOR VEHICLE DIVISION OF the STATE OF COLORADO, DEPART-MENT OF REVENUE, Respondent–Appellant.

No. 94CA1543.

Colorado Court of Appeals, Div. III.

July 13, 1995.

**960**

Brian Cook, Englewood, for petitioner-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert C. Ripple, Asst. Atty. Gen., Lauren Edelstein, Asst. Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge NEY.

The Department of Revenue (Department) appeals from a district court judgment reversing its revocation of the driver's license of plaintiff, Dirk S. Nye. We affirm.

On September 26, 1993, plaintiff was stopped for speeding. The law enforcement officer on the scene suspected plaintiff had been drinking. At the officer's request, plaintiff submitted to a chemical test of his breath.

The police log sheet indicates that plaintiff was given three separate intoxilyzer tests.

The third of these tests produced a reading of 0.138 grams of alcohol per 210 liters of breath. Information concerning the time of the first two tests and the results from at least one of those tests appears to be "whited out" from the police log. Based upon the results of the third intoxilyzer test, the law enforcement officer prepared the documentation to commence revocation of plaintiff's license.

Thereafter, plaintiff requested an administrative hearing pursuant to § 42–2–122.1(7), C.R.S. (1993 Repl.Vol. 17) (now codified with changes at § 42–2–126(8), C.R.S. (1994 Cum. Supp.)). In accordance with that statute, the reverse side of the request for administrative hearing form advised plaintiff of his right to have the law enforcement officer present at the hearing. Plaintiff was further informed that he could arrange for the officer's presence either by asking the Department to make such arrangements or by serving the officer with a subpoena. Accordingly, plaintiff requested that the Department arrange for the officer to be present at the hearing. The Department concedes that, despite the written request, no subpoenas were ever issued or sent to the officer.

The Department conducted the revocation hearing on November 22, 1993. The law enforcement officer was not present at the hearing. Plaintiff objected to the entire proceeding on the ground that the Department, by failing to issue the requested subpoenas, had deprived him of his right to subpoena witnesses, including the law enforcement officer. The hearing officer rejected plaintiff's argument and concluded that plaintiff could have prepared the subpoenas himself. Based solely upon the documents prepared and submitted by the law enforcement officer, the hearing officer revoked plaintiff's driver's license.

The district court vacated the order of revocation, concluding that the Department had frustrated plaintiff's right to subpoena witnesses by failing to provide the requested subpoenas.

I.

■ The Department contends that plaintiff or plaintiff's counsel could have issued the subpoenas without the assistance of the Department. We disagree.

Section 42–2–122.1(10), C.R.S. (1993 Repl. Vol. 17) (now § 42–2–126(11), C.R.S. (1994 Cum.Supp.)) provides that the State Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A) applies to license revocation hearings to the extent it is consistent with §§ 42–2–122.1(7) to 42–2–122.1(9), C.R.S. (1993 Repl.Vol. 17). *See also Colorado Department of Revenue v. Kirke,* 743 P.2d 16 (Colo.1987).

At least two provisions of the APA address an administrative agency's authority and obligation to issue subpoenas. Section 24–4–105(4), C.R.S. (1994 Cum.Supp.) provides that: "[A]ny agency conducting a hearing, any administrative law judge, and any hearing officer shall have authority to ... sign and issue subpoenas...." Section 24–4–105(5), C.R.S. (1994 Cum.Supp.) states that:

> [S]ubpoenas *shall be* issued without discrimination between public and private parties by any agency or any member, the secretary, or chief administrative officer thereof or, with respect to any hearing for which an administrative law judge or hearing officer has been appointed, the administrative law judge or the hearing officer. (emphasis added)

These sections are consistent with § 42–2–122.1(8)(b), C.R.S. (1993 Repl.Vol. 17) (now § 42–2–126(9)(b), C.R.S. (1994 Cum.Supp.)) which authorizes the presiding hearing officer to "issue subpoenas for the attendance of witnesses...." *See also Miller v. Motor Vehicle Division,* 706 P.2d 10 (Colo.App. 1985).

In contrast to the above provisions authorizing the Department or hearing officer to issue subpoenas, we are not aware of any authority that would allow a respondent in a revocation hearing, or his attorney, to issue administrative subpoenas for such a hearing. Although several subsections of § 42–2–122.1 reference a licensee's right to *serve* witnesses, including an officer, with subpoenas, *see* §§ 42–2–122.1(7)(e)(II) and 42–2–122.1(7)(e)(V), C.R.S. (1993 Repl.Vol. 17), none of these provisions authorizes a respondent, or the attorney representing the respondent, to *issue* the subpoenas.

A respondent in a revocation hearing has a right to subpoena the law enforcement offi-cers who submit documents supporting the revocation. *Herman v. Department of Revenue,* 870 P.2d 628 (Colo.App.1994). Because the relevant statutes authorize only the Department to issue such subpoenas, we conclude that the Department was required to issue the requested subpoenas.

## II.

▆ The Department next contends that, even if it failed to issue subpoenas, the trial court nevertheless erred in reversing the revocation because plaintiff was not substantially prejudiced. Specifically, the Department argues that evidence of plaintiff's intoxication contained in the documents at the hearing would have withstood any cross-examination that might have resulted had the subpoenas been properly issued. While we are uncertain of what impact, if any, plaintiff's proposed cross-examination would have had on the outcome of the revocation hearing, we conclude that plaintiff's rights to subpoena and cross-examine witnesses were sufficiently impaired to warrant reversal.

Further, because the hearing officer took the erroneous position that the responsibility for the issuance of the subpoena was solely the respondent's, we conclude that any request for continuance would have been futile.

▆ A revocation may be reversed on review if a statutory violation by the Department causes prejudice to the substantial rights of the licensee. *See Wunder v. Department of Revenue,* 867 P.2d 178 (Colo. App.1993); *Alford v. Tipton,* 822 P.2d 513 (Colo. App.1991). We have already concluded that the Department violated its duty to issue administrative subpoenas. Thus, the only question remaining is whether the Department's conduct prejudiced the substantial rights of plaintiff.

Section 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A) provides that: "[E]very party to [a] proceeding shall have the right to present his case or defense by oral and documentary evidence, to submit rebuttal evidence and to conduct such cross-examination as may be required for a full and true disclosure of the facts." *See also Puncec v. City & County of Denver,* 28 Colo.App. 542, 475 P.2d 359 (1970) (cross-examination is a fundamental right, even in administrative proceedings).

Plaintiff asserts that, had the Department issued the subpoenas as requested, he would have served the law enforcement officer and questioned him regarding the status of the intoxilyzer machine. Plaintiff also claims that he would have questioned the law enforcement officer concerning the various documents submitted for the hearing including, most notably, the apparent "whited out" marks in the police logbook. Finally, plaintiff asserts that he would have subpoenaed other individuals who performed subsequent intoxilyzer tests on plaintiff, the results of which, plaintiff alleges, were inconsistent with the earlier test.

Although we have some doubts regarding the strength and potential success of plaintiff's intended cross-examination, like the district court below, we conclude that plaintiff's rights to subpoena witnesses and to engage in cross-examination were substantial, and that the Department's conduct infringed upon those rights sufficiently to warrant reversal of the revocation.

The judgment is affirmed.

HUME and BRIGGS, JJ., concur.