Dennis MEYER, Plaintiff–Appellee,

v.

STATE of Colorado, DEPARTMENT OF
REVENUE, MOTOR VEHICLE DI-
VISION, Defendant–Appellant.

No. 05CA0489.

Colorado Court of Appeals,
Div. IV.

Aug. 24, 2006.

Law Offices of Crespin & Wilson LLC, Stuart D. Crespin, Marion Wilson, Fort Morgan, Colorado, for Plaintiff–Appellee.

John W. Suthers, Attorney General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Colorado Department of Revenue (the Department), appeals the district court's order reversing an administrative order that revoked the driver's license of plaintiff, Dennis Meyer (the driver). We reverse and remand for further proceedings.

## I. Procedural History

The driver was arrested for driving under the influence of alcohol in January 2004. At the license revocation hearing, he sought to suppress the results of blood tests on grounds that the arresting officer lacked reasonable suspicion to make an investigatory stop and lacked probable cause to arrest him.

The Department found that the police officer had grounds to investigate and that the driver operated a motor vehicle with an unlawful blood alcohol level. Consequently, the Department revoked the driver's driving privileges for three months. Based on this incident, the driver was also charged in a county court criminal proceeding with driving under the influence, driving under the influence per se, and driving without proof of insurance.

While his criminal case was pending in county court, the driver appealed the Depart-

ment's ruling to the district court and requested a stay of the Department's action pending judicial review. In his petition for district court review, the driver alleged, among other things, that the Department erred by finding the officer had reasonable grounds for arrest. The court first granted the stay, but then vacated it after the People filed a motion to dismiss the stay.

The driver then filed an opening brief in support of his appeal of the revocation order and argued that there was no reasonable suspicion or probable cause to support the police officer's stop of his vehicle. The driver asserted that because the police officer did not have reasonable suspicion, the investigatory stop was unlawful, and any evidence obtained as a result of the stop must be suppressed.

The driver also raised the suppression issue in his criminal case. The county court held a hearing on the driver's motion to suppress. After the hearing, the court issued a written order finding "no grounds for reasonable suspicion that [the driver] was committing, had committed or was about to commit a crime" when the police officer stopped his vehicle. The county court then suppressed the evidence and dismissed the charges. Subsequently, the driver filed a motion in the district court that was reviewing the Department's action for the immediate reversal of the revocation of his driver's license based on res judicata. The Department did not file a response to the driver's motion for reversal.

In January 2005, the district court reversed the revocation of the driver's license, concluding that the doctrine of res judicata barred relitigation of the issue of whether the stop was lawful. The court found that the issue of whether the police officer had reasonable suspicion or probable cause to initiate contact with the driver had already been decided in the county court suppression hearing and was identical to the issue pending before the district court. Further, the court found there was identity and privity between the District Attorney and the Department, the Department had a full and fair opportunity to litigate the issue in the county court hearing, and because the Department

did not file a response opposing the motion, the driver's motion to reverse was deemed confessed. The court reversed the Department's revocation order and reinstated the driver's driving privileges.

The Department then filed a motion to reconsider. It argued that the dismissal of criminal charges had no effect on a driver's license revocation; pursuant to *Wallace v. Department of Revenue*, 787 P.2d 181 (Colo. App.1989), the Department was not precluded from making independent determinations of the same issues; the issues involved were not identical; and an individual may be subjected to criminal and civil sanctions for the same act.

When the district court denied the Department's motion to reconsider, it treated the driver's petition for review as if it had been filed under C.R.C.P. 106(a)(4), and found that because the record before the county court and the Department were identical, "both decision-makers should come to the same conclusion [regarding the motion to suppress] as a matter of law." The court also deemed the Department's failure to file a response to the driver's motion as a confession of the motion and concluded that the Department "considered the fact that the evidence before [the Department] was virtually the same as that before the County Court, and that the result should, for that reason, be the same." Although the court noted that the Department could make a determination regarding reasonable suspicion or probable cause independent of the county court's ruling in the criminal case, the district court held that the legal effect of undisputed facts was a question of law and that the legal conclusions of the Department and county court should be the same. The district court also found that the Department did not sufficiently prove excusable neglect to justify its failure to oppose the motion and that the Department inexcusably failed to inform the court of the holding in *Wallace, supra.*

Although the Department only appeals the district court's first order, reversing the revocation, because the court further explained its rationale in the second order denying the Department's motion to reconsider, we will

review the court's ruling in light of the explanations in both orders.

## II. C.R.C.P. 121

The Department asserts that the district court erred when it deemed the driver's motion for reversal confessed pursuant to C.R.C.P. 121 § 1–15 based on its failure to file a responsive brief. We agree.

■ Although C.R.C.P. 121 § 1–15.1 does not require a party to respond to an opponent's motion, § 1–15.3 reflects a preference that the nonmoving party respond. A response promotes efficiency by informing the court of whether the motion is opposed, providing the court with argument and authorities, and enabling the court to determine whether oral argument is necessary. *See City & County of Denver v. Ameritrust Co.,* 832 P.2d 1054 (Colo.App.1992). A trial court may consider a party's failure to file a response to a motion as a confession of the motion. C.R.C.P. 121 § 1–15.3.

■ However, courts favor the resolution of disputes on their merits. *Craig v. Rider,* 651 P.2d 397 (Colo.1982). Accordingly, a court may not deem a motion for summary judgment to have been confessed by a failure to respond. Instead, the burden remains on the moving party, who must still establish all the requirements for summary judgment under C.R.C.P. 56. *Seal v. Hart,* 755 P.2d 462 (Colo.App.1988). Similarly, when the defendant in a lawsuit is not a private party, but an officer or agency of the state, the plaintiff is not entitled to default judgment without first establishing the right to relief based on the merits of the case. C.R.C.P. 55(e).

Here, the court did not grant a motion for default or summary judgment. However, the court's determination that the Department confessed the driver's res judicata motion resulted directly in a favorable disposition of the driver's petition for district court review. Because the driver was the moving party, he had the burden to establish his contention that res judicata applied and required reversal of the Department's action.

We conclude that the court erred to the extent that it denied the Department's motion for reconsideration and supported its ruling regarding confession of the driver's motion on the ground that the Department inexcusably failed to inform the court of the holding in *Wallace, supra.* The driver had the burden to establish the merits of his motion, and the court was required to apply the applicable case law.

■ Therefore, we conclude that the district court abused its discretion when it deemed the driver's res judicata motion confessed and, on that basis, reversed the Department's ruling. Because the court also considered the merits of the driver's res judicata motion and reversed the revocation order on that basis, we now address that issue.

## III. Preclusion

■ The Department contends that the district court erred when it concluded that the doctrine of res judicata applied based on the outcome of the driver's suppression hearing in his criminal case. We agree.

The district court reversed the Department's revocation by concluding that, under the doctrine of res judicata, the Department was bound by the county court's conclusion that the officer lacked probable cause because it was based on the same evidence that was presented to the hearing officer.

We review the district court's legal conclusions de novo. *Lakeview Assocs., Ltd. v. Maes,* 907 P.2d 580 (Colo.1995); *Ocmulgee Props. Inc. v. Jeffery,* 53 P.3d 665 (Colo.App. 2001).

### A. Terminology

The supreme court now uses the terms "claim preclusion" and "issue preclusion" instead of "res judicata" and "collateral estoppel." *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.,* 109 P.3d 604 (Colo.2005). Although the terms have been used interchangeably in previous opinions, "use of the phrases 'res judicata' and 'collateral estoppel' can lead to confusion because 'res judicata' is commonly used as an overarching label for both claim and issue preclusion." *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth., supra,* 109 P.3d at 608 (citing *Migra v.*

*Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984)); *see also Salazar v. State Farm Mut. Auto. Ins. Co.*, —— P.3d ——, 2006 WL 1493841 (Colo.App. No. 04CA2557, June 1, 2006); *Ross v. Old Republic Ins. Co.*, 134 P.3d 505 (Colo.App.2006).

Although the parties and the district court analyzed the preclusive effect of the county court's ruling as "res judicata," we will use the terms "claim preclusion" and "issue preclusion" in our discussion.

### B. Claim Preclusion

■ Claim preclusion "bars relitigation of claims or issues which were or could have been raised in a prior suit between the *same parties.*" *Rantz v. Kaufman*, 109 P.3d 132, 138 (Colo.2005) (citing *Carpenter v. Young*, 773 P.2d 561, 565 (Colo.1989)) (emphasis added). Claim preclusion protects "litigants from the burden of relitigating an identical issue with the same party or his privy and [promotes] judicial economy by preventing needless litigation." *Lobato v. Taylor*, 70 P.3d 1152, 1165–66 (Colo.2003) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979)).

■ Claim preclusion applies in a second judicial proceeding when (1) the first judgment is final; (2) the subject matter is identical; (3) the claims for relief are identical; and (4) the parties are identical or a party in the second judicial proceeding was in privity with a party in the first one. *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.*, *supra;* *see also Lobato v. Taylor, supra;* *Cruz v. Benine*, 984 P.2d 1173 (Colo.1999). In addition, the party against whom claim preclusion is sought must have had a full and fair opportunity to litigate the issue in the first proceeding. *Byrd v. People*, 58 P.3d 50 (Colo.2002).

Here, the first proceeding was administrative, and the county court proceeding followed. Although the subject matter in the two proceedings was identical, the claims for relief were not. In the judicial proceeding, the driver was in jeopardy of conviction, incarceration, and fines. In the administrative action, he was in jeopardy of having points assessed against his driving record and losing his driving privilege.

The county court concluded that the police officer lacked reasonable suspicion to stop the driver and that evidence of the driver's intoxication could not be admitted into evidence. This was an evidentiary ruling. It was not a ruling regarding the Department's claim to revoke the driver's license. Thus, the district court's ruling was premised on a prior adjudication of an evidentiary issue, and not on a prior adjudication of the same claim in the administrative proceeding.

We conclude that the determination of reasonable suspicion is not a final judgment regarding a claim, but a determination of an evidentiary issue. Thus, the doctrine of claim preclusion does not apply.

### C. Issue Preclusion

Instead, whether the Department was bound by the county court's determination of reasonable suspicion in the administrative proceeding is a question of issue preclusion. Therefore, we now analyze whether the county court's reasonable suspicion and probable cause findings preclude the Department from making different findings on those issues. We conclude that the Department was not precluded from making its own determination.

■ Issue preclusion bars relitigation of a legal or factual matter already decided in a previous proceeding. *Rantz v. Kaufman, supra.* Similar to claim preclusion, issue preclusion requires that the precluded issue be identical to the issue actually and necessarily decided at a previous proceeding. There must be a final judgment on the merits at the prior proceeding, the parties in the two proceedings must be identical or in privity, and the party against whom preclusion is sought must have had a full and fair opportunity to litigate the issue in the first proceeding. *Williamsen v. People*, 735 P.2d 176 (Colo. 1987).

When the first proceeding's purposes and procedures are significantly different from those in the second proceeding, "then the fourth element of issue preclusion has not been satisfied because the party against

whom the doctrine is asserted did not have a full and fair opportunity to litigate the issue in the prior proceeding." *Byrd v. People, supra,* 58 P.3d at 55; *see also Williamsen v. People, supra,* 735 P.2d at 183 (concluding that "[t]he salutary purposes of informal traffic infraction hearings would be frustrated if [issue preclusion] were to be applied so as to limit a full and fair consideration of the issue in a criminal trial").

 In a revocation proceeding, the Department may make findings "independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence." Section 42-2-126(2)(c), C.R.S.2005; *Nefzger v. Colo. Dep't of Revenue,* 739 P.2d 224 (Colo.1987) (concluding that the Department's authority to revoke a driver's license exists independently of the outcome of criminal charges based on the same conduct). Accordingly, given the substantial differences in the purposes and procedures in a revocation hearing and a criminal case, issue preclusion does not prevent the independent resolution of the same issue in each proceeding. *Wallace v. Dep't of Revenue, supra.* Thus, a ruling regarding probable cause or reasonable suspicion in a criminal proceeding is not binding on the Department in a revocation proceeding based on the same incident. *Wallace v. Dep't of Revenue, supra.*

We agree with the reasoning and resolution in *Wallace* and adopt it here. Therefore, we conclude that the county court's ruling did not preclude the Department from litigating the issue of probable cause or reasonable suspicion in the license revocation action or from defending the revocation under the standards applicable to district court review.

## IV. District Court Review

We agree with the Department's contention that the district court erred by applying C.R.C.P. 106 instead of the Administrative Procedure Act, § 24-1-101, et seq., C.R.S. 2005(APA), when it reviewed the revocation order.

### A. C.R.C.P. 106

Section 42-2-126, C.R.S.2005, and the APA govern the procedure for obtaining judicial review of a driver's license revocation based on an administrative determination. *State v. Borquez,* 751 P.2d 639 (Colo.1988); *Nye v. Motor Vehicle Div.,* 902 P.2d 959 (Colo.App. 1995); *Foos v. State,* 888 P.2d 321 (Colo.App. 1994). To the extent they are consistent, both the judicial review provisions in § 42-2-126(10)(a), C.R.S.2005, and the APA apply to the Department's revocation order. Section 42-2-126(11), C.R.S.2005; *see State v. Dist. Court,* 802 P.2d 473 (Colo.1990).

Although C.R.C.P. 106(a)(4) also provides for judicial review of an agency action, it does not apply when another "plain, speedy and adequate remedy" exists. Reading § 42-2-126 in conjunction with the APA affords "ample authority for judicial review of the issues" raised by a party appealing a revocation order. *State v. Dist. Court, supra,* 802 P.2d at 476; *see People v. Dist. Court,* 200 Colo. 65, 612 P.2d 87 (1980) (rejecting the application of C.R.C.P. 106(a)(4) and holding that the APA is the exclusive way to seek judicial review of a driver's license revocation), *abrogated on other grounds by Schaffer v. Dist. Court,* 719 P.2d 1088 (Colo.1986); *Nye v. Motor Vehicle Div., supra* (applying § 42-2-126 and the APA to driver's license revocation proceedings); *Foos v. State, supra* (concluding that C.R.C.P. 106(a)(4) does not provide a basis for the judicial review of a revocation order).

 Here, in his appeal to the district court, the driver asserted that the Department exceeded its constitutional or statutory authority, erroneously interpreted the law, acted in an arbitrary and capricious manner, and made a determination not supported by the record. The driver also sought relief pursuant to the APA. Because the driver's request for relief could be adequately addressed by § 42-2-126 and the APA, we conclude C.R.C.P. 106(a)(4) does not apply in this case. Therefore, the district court erred when it reviewed the Department's ruling under the standards provided in C.R.C.P. 106(a)(4).

B. Standard of District Court Review

 A person who receives an adverse determination from the Department has the right to file a petition for review in the district court. The Department's determination is entitled to a presumption of validity. *See Charnes v. Lobato,* 743 P.2d 27 (Colo.1987) (citing *People v. Lessar,* 629 P.2d 577, 581 (Colo.1981)). The reviewing court may only reverse a driver's license revocation order if "the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is unsupported by the evidence in the record." Section 42-2-126(10)(b), C.R.S.2005. To reverse a hearing officer's determination, the reviewing court must be convinced that there is no substantial evidence in the record as a whole to support the revocation order. *Charnes v. Lobato, supra; see Halter v. Dep't of Revenue,* 857 P.2d 535 (Colo.App.1993); *Alford v. Tipton,* 822 P.2d 513 (Colo.App.1991). When conflicting evidence is presented and the hearing officer applies the proper legal standards, that finding is binding on review, and "a reviewing court may not substitute its judgment for that of the fact finder." *Charnes v. Lobato, supra,* 743 P.2d at 33 (quoting *Glasmann v. State,* 719 P.2d 1096, 1097 (Colo.App.1986)); *see also Halter v. Dep't of Revenue, supra.*

We review agency determinations regarding questions of law de novo. *Colo. Dep't of Revenue v. Garner,* 66 P.3d 106 (Colo.2003).

Because the district court applied the standard applicable to C.R.C.P. 106 and did not review the Department's determination in accordance with the standards established in § 42-2-126(10)(b) and the APA, we remand the case to the district court for review of the license revocation order under these statutes.

The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge J. JONES concur.