**Christian GILBERT, Plaintiff–Appellant,**

v.

**Arthur JULIAN, Assistant Chief Hearing Officer; Andrew Stone, Hearing Officer; and Roxy Huber, Executive Director of the Colorado Department of Revenue, Division of Motor Vehicles, Defendants–Appellees.**

No. 09CA0020.

Colorado Court of Appeals,
Div. V.

Oct. 1, 2009.

Rehearing Denied Nov. 19, 2009.

Gary F. Pirosko, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Brendon C. Reese, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Chief Judge DAVIDSON.

Plaintiff, Christian Gilbert (licensee), appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue (Department) for driving with an excessive breath alcohol content (BAC). Because we conclude that the record shows the Department improperly denied licensee's request for a subpoena for the records concerning the functioning of the intoxilyzer used for his breath test, we reverse and remand for a new revocation hearing after the issuance of the subpoena requested.

## I. Factual and Procedural Background

After licensee was arrested for driving under the influence of alcohol (DUI) on February 10, 2008, he took a breath test on an intoxilyzer at the police station within two hours of the time of driving. The results of the breath test showed licensee's BAC to be .121 grams of alcohol per two hundred ten liters of breath, well over the statutory limit for revocation, and he was served with a notice of revocation on that basis. *See* § 42-2-126(2)(b), C.R.S.2009.

Licensee timely requested a hearing on the revocation action, and the Department scheduled the hearing for April 8, 2008. On March 28, 2008, licensee's attorney filed requests for the issuance of certain subpoenas by the Department for the hearing. On March 31, 2008, the Department issued the

requested subpoenas concerning the appearance of the two police officers involved in the DUI incident, but it denied the requested subpoena duces tecum for various records concerning the intoxilyzer used in that incident.

In the order denying that subpoena request, the Department ruled that licensee's written statements in support of that request were "insufficient" to show that the requested documents were "relevant and necessary" to the issues at the hearing. Nevertheless, the Department also stated that the request for this subpoena would be "reconsidered" if licensee provided additional information in support of that request.

The hearing was held as scheduled. In the first part of the hearing, the police officers testified concerning the DUI incident, and documents submitted by the police were admitted into evidence, including the intoxilyzer test results. This documentary evidence indicated that the breath test was conducted on a certified intoxilyzer by a certified operator with appropriate calibration checks, and apparently was performed in compliance with regulatory requirements.

In the remainder of the hearing, licensee presented an extensive offer of proof concerning the relevance and necessity for the documents he sought in his request for the subpoena duces tecum in order to challenge the accuracy and reliability of the intoxilyzer test results used against him. Licensee's fourteen-page request for this subpoena, itemizing the documents sought, was admitted into evidence as an exhibit, as was the Department's earlier order denying this request.

Further, in support of licensee's reconsideration request, his witness testified in detail about the necessity for various documents concerning the functioning of the intoxilyzer used that could show problems with the performance of this intoxilyzer and could show that the test results obtained were invalid. This witness also testified that the documents sought were readily available and had been provided in recent Colorado cases involving other drivers, including one case from Denver in which his report indicated that similar documents obtained showed test

results to be invalid notwithstanding the certification of the intoxilyzer used in that case.

At the end of the hearing, licensee sought the dismissal of the revocation action based on the denial of his request for the issuance of the subpoena duces tecum. Licensee's attorney argued that he could not present a defense without the requested documents, and that the Department's improper denial of his subpoena request rendered the hearing "a one-sided fight" and violated licensee's due process rights. The hearing officer then took the matter under advisement.

Two days later, the hearing officer issued an order of revocation, ruling the preponderance of the evidence established that licensee drove with an excessive BAC and that the breath test was done in substantial compliance with regulatory requirements. Although the hearing officer noted licensee's argument that his subpoena request was "wrongfully denied," he implicitly rejected it. However, the record does not show any specific findings and conclusions made by this hearing officer concerning the subpoena denial issues.

Licensee timely sought judicial review of the Department's revocation action in the district court, challenging the denial of his subpoena request and the admissibility of the breath test results. Because the Department improperly provided an incomplete record of the agency proceedings for review, licensee filed a motion to complete the record along with his opening brief, specifically requesting the inclusion of his written subpoena request and the Department's March 31 order denying that request, which were missing from the record. The Department thereafter supplemented the record only with a copy of the March 31 order, but it never submitted licensee's underlying written request.

On review, the district court rejected licensee's arguments and affirmed the revocation. As to the subpoena issues, the court ruled that the existing record did not show an abuse of discretion in the denial of licensee's subpoena request, relying solely on the March 31 order itself. Notwithstanding the outstanding motion to complete the record,

which the court never addressed, the court presumed that the missing items would support the March 31 order, and it also never addressed the extensive record made at the hearing concerning reconsideration of these issues. The court also ruled that the breath test results were properly considered at the hearing and adequately supported the revocation. This appeal by licensee followed.

## II. Standard of Review

To the extent they are consistent, both the provisions of section 42–2–126, C.R.S.2009, and the provisions of the State Administrative Procedure Act (APA), sections 24–4–101 to –108, C.R.S.2009, govern the procedures applicable to administrative hearings and judicial review in this type of driver's license revocation proceeding. *See* § 42–2–126(11), C.R.S.2009; *Meyer v. State*, 143 P.3d 1181, 1186 (Colo.App.2006).

Under section 42–2–126(9)(b), C.R.S.2009, a reviewing court may reverse the Department's revocation action if the court determines, among other things, that the Department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, or acted in an arbitrary and capricious manner. Other grounds for reversal include agency action that is an abuse or clearly unwarranted exercise of discretion, and a reviewing court also has the authority to remand a case for further proceedings and to compel action to be taken that has been unlawfully withheld. *See* § 24–4–106(7), C.R.S.2009.

■ We also note that this court is in the same position as the district court in reviewing the Department's actions in the revocation proceedings under the administrative record. We review agency determinations regarding questions of law de novo, and we also review the district court's legal conclusions de novo. *Meyer*, 143 P.3d at 1184, 1187.

## III. Deficiencies in Record for Review

■ Licensee first challenges the Department's failure to produce the complete administrative record for review and the district court's presumption in favor of the Department. We agree that the Department improperly failed to submit the missing documents as part of the record for review and that the district court erred in penalizing licensee for the Department's failure. Nevertheless, we conclude that the remainder of the record is sufficient for us to reach the merits of licensee's arguments concerning the subpoena denial issues.

The APA provides that the record in every case of agency action "shall include" copies of "all" exhibits and other papers presented to or considered by the agency, unless otherwise stipulated by the parties. § 24–4–106(6), C.R.S.2009. Because the missing documents were admitted into evidence as an exhibit in the hearing and the parties did not stipulate to their exclusion, the Department's failure to include these items in the record submitted was improper, especially in view of licensee's motion to complete the record. The district court also erred in failing to rule on this motion and in applying a presumption against licensee under these circumstances.

Even so, notwithstanding the missing items, the transcript of the hearing provides a sufficient record to permit meaningful judicial review concerning the subpoena denial issues. *See Shafron v. Cooke*, 190 P.3d 812, 813–14 (Colo.App.2008) (affirming a driver's license revocation despite incomplete transcript when remainder of record was sufficient for judicial review).

## IV. Denial of Subpoena Duces Tecum

Licensee next contends that the Department's refusal to issue the subpoena he requested bearing on relevant issues resulted in an infringement of his substantial rights, warranting reversal of the revocation. We agree that the Department improperly denied the requested subpoena for documents concerning the functioning of the intoxilyzer used, but we conclude the appropriate remedy is to remand for a new revocation hearing after the issuance of the subpoena requested.

The statutory scheme governing the revocation proceedings here provides for a prompt but fair revocation procedure, and the Department has a statutory obligation to provide a meaningful opportunity for a fair hearing. *Erbe v. Colo. Dep't of Revenue*, 51

P.3d 1096, 1098–99 (Colo.App.2002); *see* § 42–2–126(1)(b), C.R.S.2009.

In particular, the APA provides that a party in an agency hearing has the right to present a defense by oral and documentary evidence and to submit rebuttal evidence. § 24–4–105(7), C.R.S.2009. Thus, a licensee at a revocation hearing must be given the opportunity to contest the results of testing performed at the request of the arresting officer. *Nefzger v. Colo. Dep't of Revenue,* 739 P.2d 224, 229 (Colo.1987); *see also* § 42–4–1301(6)(c), C.R.S.2009 (a defendant is not precluded from offering evidence concerning the accuracy of testing devices).

The Department also has the statutory authority to issue subpoenas at a licensee's request, including subpoenas duces tecum. *See* §§ 24–4–105(4)–(5), 42–2–126(8)(d), C.R.S.2009; *see also* Dep't of Revenue Rule 2.6, 1 Code Colo. Regs. 204–19 (effective Mar. 2007 to Oct. 2008). A licensee's right to request the issuance of subpoenas to support a defense is a significant factor in avoiding a due process violation when a revocation element is established solely by hearsay evidence. *Colo. Dep't of Revenue v. Kirke,* 743 P.2d 16, 21–22 (Colo.1987).

Thus, reversal of a revocation on review may be warranted if the Department's conduct in failing to issue requested subpoenas has sufficiently impaired a licensee's substantial rights to present a defense. *See Nye v. Motor Vehicle Div.,* 902 P.2d 959, 961–62 (Colo.App.1995); *see also* Dep't of Revenue Rule 2.6.5.1, 1 Code Colo. Regs. 204–19 (effective Mar. 2007 to Oct. 2008) (authorizing a hearing officer to dismiss a revocation case with prejudice upon a determination that a failure to produce subpoenaed documents substantially impaired a licensee's right to present a defense).

Here, although the Department denied licensee's initial request for a subpoena duces tecum without a hearing in an order on March 31, that order also authorized reconsideration of that subpoena request if licensee provided additional information, which licensee then provided at the hearing on April 8. *See* Dep't of Revenue Rule 2.6.3.1.6, 1 Code Colo. Regs. 204–19 (effective Mar.

2007 to Oct. 2008) (authorizing a hearing officer to conduct a hearing on a request to issue a subpoena).

At that hearing, licensee presented a detailed and substantial offer of proof demonstrating the relevance and necessity of the documents he sought to obtain by the issuance of the requested subpoena. In particular, licensee sought readily available documents concerning the functioning of the intoxilyzer used in his breath test, which could show problems in the performance of that intoxilyzer, and without which his ability to present a defense challenging the accuracy and reliability of the intoxilyzer test results was substantially impaired.

Moreover, the hearing officer had the authority from the Department's regulations to continue the hearing in order to subpoena any witness or document relevant to the proceeding. *See* Dep't of Revenue Rule 2.4.4, 1 Code Colo. Regs. 204–19 (effective Mar. 2007 to Oct. 2008).

On this record, we conclude that the Department abused its discretion in failing to issue the requested subpoena for documents concerning the functioning of the intoxilyzer after the showing made by licensee at the hearing. Because the Department's procedural actions in this regard were inconsistent with its statutory obligations to provide a meaningful opportunity for a fair hearing, the revocation that resulted cannot stand. *See* §§ 24–4–106(7), 42–2–126(9)(b); *Erbe,* 51 P.3d at 1099; *Nye,* 902 P.2d at 961–62; *see also Kirke,* 743 P.2d at 21–22.

Nevertheless, in our view the appropriate disposition in this situation is to remand the matter to the Department, with directions to issue the requested subpoena for documents concerning the functioning of the intoxilyzer and to conduct a new revocation hearing in which licensee is given the opportunity to challenge the accuracy and reliability of the test results based on those documents. *See Mameda v. Colo. Dep't of Revenue,* 698 P.2d 277, 279 (Colo.App.1985) (reversing revocation and remanding for a new hearing by the Department when licensee was improperly denied the opportunity to

present rebuttal evidence challenging the breath test results in earlier hearing); *see also Erbe,* 51 P.3d at 1099 (similarly reversing revocation and remanding for new hearing based on certain procedural violations by the Department); *Barnes v. Colo. Dep't of Revenue,* 23 P.3d 1235, 1237 (Colo.App.2000) (same).

Finally, we note that, under the circumstances here, the statutory sixty-day period for the Department to hold the hearing will begin to run anew upon the Department's reacquisition of jurisdiction. *See* § 42–2–126(8)(a), C.R.S.2009; *Erbe,* 51 P.3d at 1099.

In view of this disposition of the issues, we need not address the remaining contentions of the parties.

Accordingly, the judgment is reversed, and the case is remanded to the district court with directions to remand the matter to the Department for further proceedings consistent with the views expressed in this opinion.

Judge ROTHENBERG * and Judge KAPELKE * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2009.