24CA1885 Figueroa v DOR 12-11-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1885
El Paso County District Court No. 24CV244
Honorable David Prince, Judge

David Figueroa,

Plaintiff-Appellant,

v.

State of Colorado Department of Revenue,

Defendant-Appellee.

ORDERS AFFIRMED

Division IV
Opinion by JUDGE JOHNSON
Harris and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 11, 2025

David Figueroa, Pro Se

Philip J. Weiser, Attorney General, Danny Rheiner, Assistant Solicitor General, Sasha G. Jasty, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, David Figueroa (Figueroa), appeals the district court's order affirming the one-year revocation of his driver's license by defendant, the Colorado Department of Revenue (the Department). Figueroa also appeals the court's orders denying his motions for (1) recusal and (2) change of venue. We reject Figueroa's contentions and, therefore, affirm the district court's orders.

I.     Background

¶ 2     Late one evening in February 2024, Officer B. Baliko[1] (Officer Baliko) observed Figueroa driving and watched him swerve over the line on the road several times. Figueroa parked his car at a convenience store, turned off the car, and removed the key from the ignition. Officer Baliko approached Figueroa's car and initiated a traffic stop. The officer requested backup patrol and Officer Jason Craddock (Officer Craddock) arrived on scene. Both officers smelled alcohol on Figueroa's breath and observed that his eyes were bloodshot.

¶ 3     After Officer Craddock asked Figueroa to perform voluntary roadside maneuvers and Figueroa was uncooperative, the officer

---

[1] We could not find any mention of Officer Baliko's full first name in the record on appeal.

1

explained Colorado's express consent law to him. Figueroa did not respond as to whether he was willing to take a blood or breath test, and the officer took his nonresponse as a refusal. Officer Craddock arrested Figueroa on suspicion of driving under the influence (DUI). He then served Figueroa with a copy of the summons, a notice of revocation, and an affidavit indicating Figueroa waived express consent to a blood draw or breath test.

¶ 4 Figueroa timely requested an administrative hearing before the Department to challenge the revocation. The hearing officer found that Officer Baliko had reasonable suspicion to initiate a traffic stop and that Officer Craddock had probable cause to arrest Figueroa and to request a blood draw or breath test. Because Figueroa refused to consent to either a blood draw or breath test, the hearing officer sustained the revocation.

¶ 5 Figueroa sought judicial review in the district court and requested that the court stay the license suspension pending appeal. The district court denied his request. Figueroa then filed two motions to recuse the district court judge, both of which were also denied. Figueroa filed a third motion seeking recusal and on the same day also filed a request to change venue. The district

court denied both requests and, in the same order, affirmed the hearing officer's order suspending Figueroa's license.

¶ 6　　On appeal, Figueroa contends that the district court erred by (1) affirming the suspension of his license without evidence; (2) denying his request for recusal; and (3) denying his request for change of venue.

## II.　Pro Se Pleadings

¶ 7　　Figueroa proceeded pro se at the revocation hearing, in the district court seeking judicial review, and on appeal. While we liberally construe pro se pleadings, unrepresented parties have the same obligations as parties represented by attorneys to comply with the procedural rules. *Adams v. Sagee*, 2017 COA 133, ¶ 10.

## III.　Sufficiency of the Evidence

¶ 8　　Figueroa contends that the hearing officer did not have sufficient evidence to revoke his driver's license because Officer Baliko did not have probable cause to detain him and Officer Craddock fraudulently obtained the express consent waiver.

### A.　Standard of Review and Applicable Law

¶ 9　　As a reviewing court, we must base our decision on the administrative record. *Long v. Colo. Dep't of Revenue, Motor Vehicle*

*Div.*, 2012 COA 130, ¶ 7. We cannot reverse a hearing officer's determination unless "the Department acted in an arbitrary and capricious manner, exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, made clearly erroneous factual findings, or made a determination that is unsupported by substantial evidence in the record." *Jansma v. Colo. Dep't of Revenue, Motor Vehicle Div.*, 2023 COA 59, ¶ 15 (citing § 24-4-106(7)(a), (b), C.R.S. 2025).

## B. Analysis

¶ 10    The hearing officer found that Officer Craddock had probable cause to detain Figueroa because an officer had observed Figueroa swerving while driving, and Figueroa showed signs of impairment, admitted to drinking alcohol, and failed or was uncooperative with the roadside maneuvers. Officer Craddock properly advised Figueroa on the express consent law by explaining the law to Figueroa numerous times and informing him that "his actions constituted a refusal."

¶ 11    The hearing officer concluded that because Figueroa failed to respond to Officer Craddock's requests to identify which test he was willing to take, it was proper for Officer Craddock to construe

4

Figueroa's actions as a refusal to consent to any testing. Therefore, the hearing officer upheld the one-year suspension of Figueroa's driver's license under section 42-2-126(3)(c)(I), C.R.S. 2025.

¶ 12 Figueroa was provided with a certified copy of the Department's hearing record, which informed him of the procedure for obtaining an appropriate transcript. In this case, however, the district attorney representing the Department submitted a transcript of the hearing. We note that the transcript is difficult to decipher in parts due to unidentified speakers and confusing sentences. Nonetheless, an inadequate transcript does not necessarily foreclose review of an agency's action if there is sufficient evidence in the record. *See Gilbert v. Julian*, 230 P.3d 1218, 1221 (Colo. App. 2009) (despite missing documents not being submitted by the Department, the appellate court was able to conduct meaningful judicial review of the issue raised on appeal).

¶ 13 The record contains the complete Department agency record, which includes Officer Craddock's written report. It stated that Officer Baliko initiated a traffic stop due to Figueroa failing to stay within his lane. Officer Baliko observed that Figueroa had bloodshot eyes and smelled of an unknown alcoholic beverage, and

Figueroa admitted to the officer that he had had one beer. When Officer Craddock arrived, he also observed that Figueroa had bloodshot, watery, and glassy eyes. Officer Craddock then asked Figueroa to perform roadside maneuvers; initially, Figueroa conducted a few, but he became uncooperative. Officer Craddock then explained the express consent law to Figueroa and asked him "numerous times" if he would submit to a blood or breath test. When Figueroa did not respond, Officer Craddock informed Figueroa that he "was taking [Figueroa's] actions as a refusal."

¶ 14 The Department's final agency order made findings consistent with Officer Craddock's report and noted that the officer's report and testimony were "credible and persuasive," whereas Figueroa's "testimony was not legally persuasive."

¶ 15 We understand that Figueroa disputes Officer Craddock's version of events. But credibility determinations and the resolution of conflicting evidence are solely within the province of the hearing officer. *Long*, ¶ 6. Therefore, we conclude that there is sufficient evidence to support the hearing officer's findings of probable cause and that the officer had obtained from Figueroa a valid express

consent waiver; consequently, we affirm the hearing officer's decision.

## IV.   Motions for Recusal

¶ 16    Figueroa contends that the district court erred by denying his motions seeking recusal based on an allegation that the district court judge and the district attorney representing the Department were colluding.

### A.    Standard of Review and Applicable Law

¶ 17    We review a district court's denial of a recusal motion for an abuse of discretion. *Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 17. A court "abuses its discretion when its decision is manifestly arbitrary, unreasonable, unfair, or based on a misapplication of the law." *Id.* (quoting *Black v. Black*, 2020 COA 64M, ¶ 118).

¶ 18    A recusal motion must include a supporting affidavit and allege facts sufficient to infer "that the judge is prejudiced or biased, or appears to be prejudiced or biased, against a party or counsel to the litigation." *Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 13. A motion and affidavit are not legally sufficient if they simply allege conclusions without supporting facts. *Id.* at ¶ 15.

## B. Analysis

¶ 19    Figueroa contends that the district court judge exhibited bias against him because he ruled against Figueroa when denying Figueroa's motion to stay the revocation of his license. Figueroa further argues that the district court judge and the district attorney "manipulated the judicial process to bring false indictments against [Figueroa]." The district court denied Figueroa's three recusal motions.

¶ 20    We agree with the district court that a party's disagreement with an adverse ruling does not constitute grounds to disqualify a judge. *Bocian*, ¶ 23. And Figueroa's remaining arguments as to the district attorney and court's manipulation of the judicial process are conclusory; thus, we decline to address them further. *Vickery v. Evelyn V. Trumble Living Tr.*, 277 P.3d 864, 870 (Colo. App. 2011). Therefore, we conclude that the district court judge did not err by denying Figueroa's requests that he recuse himself.

## V. Motion for Change of Venue

¶ 21    Figueroa contends that the district court erred by denying his motion for change of venue because of the alleged collusion between

the district court judge and the district attorney, resulting in his due process rights being violated. We disagree.

## A. Standard of Review

¶ 22 We review a district court's denial of a motion to change venue for an abuse of discretion. *Magill v. Ford Motor Co.*, 2016 CO 57, ¶ 12. A court "abuses its discretion when its decision is manifestly arbitrary, unreasonable, unfair, or based on a misapplication of the law." *Panzlau*, ¶ 17 (quoting *Black*, ¶ 118).

## B. Analysis

¶ 23 The court denied the change of venue motion, construing Figueroa's request under C.R.C.P. 98(g), which allows for a change of venue if one party fears he will not receive a fair trial because the other party has undue influence in that county. The court concluded that Figueroa's reasons were based on his belief that the district attorney and district court were colluding, similar to his allegations for judicial recusal. Because Figueroa cited nothing more than "dissatisfaction with a prior ruling," the court concluded that the standard for a change of venue was not met.

¶ 24 Figueroa's motion below and his briefing on appeal contain only conclusory assertions without providing any evidence or law to

support that he would not receive a fair adjudication of his judicial review action in the county where it was filed. Because his arguments as to purported collusion between the district court and the district attorney are undeveloped, we decline to address them further. *Vickery*, 277 P.3d at 870.

## VI. Figueroa's Remaining Arguments

¶ 25 Figueroa asserts the following additional arguments:

- The DUI enforcement strategies, attempt to take his blood, revocation of his license, and DUI proceedings all constituted violations of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

- The Department of Motor Vehicles fraudulently enforces DUI proceedings.

- State legislation enables DUI offenses.

¶ 26 Based on the record before us, Figueroa did not raise any of these arguments before the hearing officer. Therefore, these arguments have not been preserved for our review, and we will not consider them. *Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 624 (Colo. App. 2001).

## VII. Conclusion

¶ 27    We affirm the orders.

JUDGE HARRIS and JUDGE SCHOCK concur.